# Stoystown and Greensburg Turnpike Road Company *versus* Craver.

*Corporation bound only by official acts and declarations of managers.*

A contract between a company and a contractor can be corrected for mistakes, only by the managers at a meeting of the board : declarations or agreements of one or more of them, made elsewhere, would not bind the company, and are inadmissible as evidence in an action by the contractor for additional compensation founded on the alleged mistake.

ERROR to the Common Pleas of *Somerset county*.

This was an action of *assumpsit*, brought April 3d 1862, by Jacob Craver against The Stoystown and Greensburg Turnpike Company.

The plaintiff declared on a contract with defendant for building a bridge across the Loyalhanna, in Westmoreland county, on the Harrisburg plan, for $870, but made an additional claim for extra work, averring that he had been deceived as to the length of the bridge. And on the trial, in the court below, offered the following paper in evidence:—

"Youngstown, October 31st 1861.

"This is to certify, that I am willing that Mr. Jacob Craver,

the contractor for building the Loyalhanna bridge, shall have the proportionable price per foot for all the additional feet in length over the Harrisburg plan.

"JOHN B. KEENAN, Manager.

"JOSEPH ELDER,        "      "

Defendants objected to the paper, because two of the managers of the company have no right to agree to any matter, or bind the company outside of a regular meeting of the board, and that the company could only be bound by the acts of its officers at a regular meeting, when their proceedings are duly recorded according to the provisions of the Acts of Assembly incorporating the same.

These objections were overruled, and the evidence admitted.

Plaintiff then called a witness to prove what Jacob Fleck, one of the managers, had said to Craver, in a conversation had with him in Jenner, Somerset county, about giving extra pay for this bridge.

Objected to for the same reason that the above paper was excepted to.

This objection was also overruled, and evidence admitted. Another witness proved that David Griffith, another manager, on being asked to sign the above paper, said he would not sign it, there were older members than him, but he was willing to allow Craver extra pay for work.

Under the instructions of the court, there was a verdict and judgment in favour of the plaintiff. Whereupon the defendant sued out this writ, and assigned for error the admission of the evidence as above stated, and the charge of the court, which was in accordance with the ruling above mentioned.

*Forward* and *Gaither*, for plaintiff in error.

*A. J. Colborn*, for defendants in error.

The opinion of the court was delivered, May 25th 1863, by

LOWRIE, C. J.—If there really was a mistake about the length of the bridge, which the plaintiff below had contracted to build, it was very proper for the parties to correct their contract by adapting the price to the ascertained length. Such a change in a contract requires no other consideration than the fact of the mistake, and the purpose of correcting it.

But then the correction must be made by the same parties that made the contract, the board of managers on one side, and Craver on the other. Declarations of one or more managers, not at a meeting of the board, that they would be willing, for their part, to allow extra pay, do not bind the company. They are not even evidence against the company.

[Stoystown and Greensburg Turnpike Road Co. *v.* Craver.]

The contract could be changed only by the parties, and the company could unite in the change only by its board acting in united counsel, and not by the several members of the board, answering to appeals of the other party. Such conversations and declarations ought not to be received in evidence.' The act of the united board, and not of its disunited elements, is the matter to be proved.

We do not discover anything else that requires correction.

Judgment reversed, and a new trial awarded.