# Cruzan *v.* Hutchison, Appellant.

*Judgment—Opening judgment—Burden of proof—Oath against oath.*

A mere conflict of evidence is not enough to require the court to open a judgment. If there is reason to question the credibility of witnesses or other matter of substantial doubt, the court as chancellor may send the matter to a jury, but is not bound to do so, and in general will not do so, unless the evidence is such that the jury ought and probably would find in favor of the defendant.

A rule to open judgment is properly discharged where the affidavit in support of the rule and the depositions of the defendant are in effect that the note was given chiefly as collateral security to plaintiff against loss in certain matters, that no default had taken place, and that the only debt due plaintiff was a sum specified, much less than the amount of the note, and this proof is met by a sworn answer and depositions in which the plaintiff claims that the note represented the real debt.

Argued Oct. 28, 1904.    Appeal, No. 112, Oct. T., 1904,

by defendant, from order of C. P. No. 1, Allegheny County, Dec. T., 1901, No. 135, discharging rule to open judgment in case of E. E. Cruzan v. C. A. Hutchison. Before MITCH-ELL, C. J., DEAN, FELL, BROWN, POTTER and THOMP-SON, JJ. Affirmed.

Rule to open judgment. Before MACFARLANE, J.

The facts sufficiently appear by the opinion of the Supreme Court.

*Error assigned* was the order of the court discharging the rule to open the judgment.

*W. K. Jennings*, with him *D. C. Jennings*, for appellant.

*Albert B. Smith*, for appellee, was not heard.

PER CURIAM, November 4, 1904 :

Judgment being entered on a judgment note the defendant obtained a rule to open on affidavit that the note was given chiefly as collateral security to plaintiff against loss in certain matters, that no default had taken place, and that the only debt due plaintiff was a sum specified, much less than the amount of the note. These averments were supported by the appellant in his deposition. On the other hand, the plaintiff by sworn answer to the rule and in his deposition claimed that the note represented the real debt. The case thus came before the court practically upon oath against oath and the written instrument.

The rule in such cases is well settled. A mere conflict of evidence is not enough to require the court to open the judgment. If there is reason to question the credibility of the witnesses or other matter of substantial doubt, the court as chancellor may send the matter to a jury but is not bound to do so, and in general will not do so, unless the evidence is such that the jury, ought and probably would find in favor of the defendant: Jenkintown Nat. Bank v. Fulmor, 124 Pa. 337 ; Cloud v. Markle, 186 Pa. 614.

Judgment affirmed.