## Citizens' National Bank, Appellant, *v.* Marks.

*Judgment—Opening judgment—Contradiction of evidence—Laches.*

A rule to open a judgment should be discharged where it appears that the petition for the rule is flatly contradicted by the answer, that the defendant's testimony stands alone and uncorroborated, and is squarely contradicted by the only other person having knowledge of the facts, that the testimony of such person is corroborated by the plaintiff's possession of the note, and that the judgment stood unquestioned for nearly ten months.

*Accord and satisfaction—Payment—Assignment of wages.*

An agreement under which a creditor forgoes one-half of his claim in consideration of the debtor paying the other half out of his wages to be earned in future, is not an accord and satisfaction where it appears that the assignment of the wages from the debtor to the creditor was never presented to or accepted by the debtor's employer, who continued to pay the wages to the debtor after the execution of the paper as before.

*Corporation—Directors—Relinquishment of debt—Contract—Banks and banking—Principal and agent.*

When a debtor of a bank sets up an agreement that would extinguish one-half of the debt in consideration of a second promise to pay the other half, and alleges that such an agreement was made by a director of the bank, the debtor is bound to show the authority of the agent in order to bind the bank. The mere fact that the agent was one of the directors, does not in itself amount to proof of his authority to bind the bank by such an agreement.

Argued March 12, 1907.   Appeal, No. 6, May T., 1906, by plaintiff, from order of C. P. Mifflin Co., April T., 1904, No 53, making absolute rule to open judgment in case of The Citizens' National Bank v. Florence L. Marks.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Reversed.

Rule to open judgment.   Before WOODS, P. J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule to open judgment.

*Horace J. Culbertson*, for appellant.—As a general rule judgment will not be opened on the defendant's unsupported evidence, which is contradicted by the plaintiff's oath: Kocher v. Rice, 2 Luzerne Law Register, 24 ; Jenkintown Nat. Bank's App., 23 W. N. C. 359 ; Roberts v. Cross, 4 Kulp, 525 ; Ice Co. v. McLoughlin, 12 W. N. C. 322 ; Zaring v. Earley, 2 Pearson, 352.

When one person enters into an agreement with another in consideration of the payment of money which such person was legally entitled to receive, the agreement is without consideration: Dunn v. Washington B. & L. Assn., 2 Pennypacker, 109 ; Rice v. Morris, 4 Wharton, 249 ; Keen v. Vaughan, 48 Pa. 477 ; Rising v. Patterson, 5 Wharton, 316 ; Cunningham's App., 122 Pa. 464 ; Hosler v. Hursh, 151 Pa. 415.

The court will not open a judgment if upon all the testimony it would not justify sustaining a verdict for the defendant: Goodwin v. Cooper, 4 Kulp, 239 ; Steel Iron Co. v. Jacobs, 9 Pa. Superior Ct. 122 ; Kaier Co. v. O'Brien, 202 Pa. 153 ; Phillips v. Meily, 106 Pa. 537 ; Jackson v. Payne, 114 Pa. 67 ; Gardener's App., 44 Legal Int. 357 ; Knarr v. Elgren, 19 W. N. C. 531 ; Jones v. Backus, 114 Pa. 120 ; North v. Williams, 120 Pa. 109 ; Green v. Boyd, 13 Pa. Superior Ct. 651.

*Rufus C. Elder*, with him *D. W. Woods*, for appellee.—The judgment should have been opened : Stockwell v. Webster, 160 Pa. 473 ; Fisher v. Holbrook, 7 Pa. Superior Ct. 647.

There was no accord and satisfaction : Potter v. Hartnett,

148 Pa. 15; Fowler v. Smith, 153 Pa. 639; Mechanics' Bank of Harrisburg v. Huston, 11 W. N. C. 389; Flynn v. Hurlock, 194 Pa. 462.

OPINION BY HEAD, J., October 7, 1907:

In the spring of 1901 the defendants were indebted to the plaintiff in the sum of $2,000, evidenced by three notes, to wit: one for $500 due January 7, 1901, a second for the same sum due April 8, 1901, and a third for $1,000 due May 14, 1901. The last mentioned note was probably a renewal of a former one of like amount. Each one of these notes was signed by one W. C. Prickett and the appellee, Florence L. Marks. At the time the first loan was made the former was an entire stranger to the bank and to the community while the latter was the local manager of the telephone company, well known to the bank officials and had both property and credit. On the strength of her introduction and signature the loans were made. She was therefore bound not only in law but by every consideration of good morals for their repayment. After the first two loans of $1,000 and $500 respectively had been made, Prickett applied for a third one of $1,000. This was declined by the board of directors of the bank for the reason that they feared the appellee was allowing herself to become too heavily involved. Mr. Hays, one of the directors, explained to Miss Marks their reason for the action taken, and after some explanation from her, as to which the testimony is conflicting, he recommended to the board the discount of a third note for $500, the board assented, and the loan was made.

When the first note for $500 matured the makers failed to renew it. Nothing was done until the second note for a like amount fell due. It then appeared that Prickett had left the community and could not be located.

Hays was then directed to see Miss Marks and procure a renewal note or notes with some other security. At the time of his first interview pursuant to his instructions, he testifies—and in this he is not contradicted—he had with him the two past due notes of $500 each, but not the note for $1,000 not yet matured. He also states, " I had drawn a note for One Thousand Dollars which was to take the place of the two notes for Five Hundred each, then overdue."

As to what was said at the two or three interviews that followed, the testimony of the two persons engaged, there being no witness, is flatly contradictory and irreconcilable. They resulted in the appellee signing the note for $1,000 herself without personal security, and also signing the following: "In consideration of the Citizens National Bank carrying a note of One Thousand Dollars, bearing even date herewith, I do hereby agree to pay thereon the sum of Twenty Dollars each and every month and do hereby assign that portion of my salary with the Telephone Company."

Upon the report of Hays that this was the best he could do the bank received the new note for $1,000 and the paper above quoted; the appellee began to pay monthly at the rate stated, but had not yet quite paid out the note in full when the present proceeding began in 1904. The appellee by the death of her mother having meantime acquired considerable real estate, the bank, on March 8, 1904, caused a judgment to be entered on the warrant of attorney attached to the note for $1,000, signed by Prickett and Miss Marks which had been due since May, 1901, and upon which nothing had been paid. Matters so remained until December 28, 1904, on which date the appellee filed her petition asking that the judgment be opened on the ground that when she signed the note for $1,000 in June, 1901, Hays had agreed that the bank would accept that note, payable at the rate of $20.00 per month, as a full accord and satisfaction of her entire debt of $2,000. To the rule granted the bank filed an answer flatly denying any such agreement. At the hearing the appellee was unable to support her allegation by any other testimony than her own. As against this there was the answer of the bank which clearly negatived every material allegation of the petition; the testimony of the note itself which had never been out of the bank's possession; the fact that the judgment stood unquestioned on the record for nearly ten months; and the evidence of Mr. Hays which, as already stated, flatly contradicted the appellee. She was also contradicted as to some collateral matters by the witness Gregory, whilst the paper she signed along with the last note, so far from reciting any such agreement as she now sets up, rather corroborates the testimony of Hays. It is true the bank retained the two notes for $500 each signed by

Prickett and herself, as well as the new note for $1,000 given by her alone. It had the right to hold Prickett and if anything could have been collected from him, her burden would have been lessened to that extent. It may be also that the cashier expressed his regret that she was compelled to pay such a large sum for a scoundrel who had abused her confidence. It was most natural he should. But neither these facts nor any others that we can discover, outside her own testimony, corroborate, in any substantial way, her theory that the bank deliberately gave away a large sum of money to relieve her of an obligation which she had voluntarily and knowingly contracted. Her case, therefore, falls far short of exhibiting the measure of proof recognized by the law as necessary to set aside a solemn written instrument under seal, and the rule should have been discharged because there was no sufficient evidence to warrant a chancellor in reforming or setting aside the written obligation to pay. To cite the well-known cases on this subject would seem to be useless.

But even if the parol agreement had been made as claimed by the appellee it could not be regarded as a good accord and satisfaction. It would be simply nudum pactum. It remained entirely executory and continued to be so, in part at least, down to the time of the filing of the petition. It was at best but another promise to pay part of a debt, all of which she already owed. The paper called an assignment, covering prospective wages to be earned in the future, was never presented to or accepted by the telephone company which continued to pay her wages to the appellee herself after the execution of the paper as before. Under these circumstances a plea of accord and satisfaction could not be sustained : Dunn v. B. & L. Assn., 2 Penny. 109 ; Keen v. Vaughan, 48 Pa. 477.

But above and beyond all this the record fails to show even a scintilla of evidence that Hays had any authority to enter into any such agreement as is now set up by the appellee. He did not pretend to her that he had authority, without the approval of the board, to make even the arrangement which he admits was made subject however to such approval. And this the appellee understood because she testifies, " Q. Did Mr. Hays say anything about submitting it to the board of directors ? A. He did."

It is true she also testifies Hays told her the bank had accepted or would accept her offer, thus ratifying his act, but this amounts to nothing more than an attempt to prove agency by the declarations of the alleged agent. When a debtor sets up an agreement that would extinguish one-half of a debt in consideration of a second promise to pay the other half, and alleges such an agreement was made by an agent, there ought to be at least some proof tending to establish the authority of the agent before the principal could be bound. The mere fact that Hays was one of the board of directors does not, in and of itself, amount to such proof: Cook on Stockholders, 712; Turnpike Co. v. Craver, 45 Pa. 386.

The order of the court below making absolute the rule to open is reversed and set aside and the rule is now discharged. The costs of this appeal to be paid by appellee.