## Workingman's Loan & Building Association *v.* Heaton, Appellant.

*Building and loan association—Fines—Contract—Directors and officers —Forfeiture—Act of April 10, 1879, P. L. 16.*

1. On a scire facias sur mortgage a claim by the defendant that the plaintiff, a building and loan association, had agreed not to impose any fines upon him after a certain date in consideration of his making certain monthly payments is not supported and cannot be sustained as a contract, where all the defendant shows is that he was desirous of making such an agreement, and that certain individual members of the board of directors of the association had informed him that his proposition had been acceded to; and where the alleged agreement is contrary to the by-laws of the association and the written contract of the parties, and finds no sufficient support from the minutes of the association.

2. A building and loan association may impose fines on a borrowing member after six months' arrearages, where under the by-laws of the plaintiff association as well as under the terms of the bond and mortgage given to secure the loan, the stock of a borrowing member does not become forfeited at the end of six months' default unless so declared, and the delay was at the member's own application.

3. There is nothing in any of the acts of assembly relating to building associations which compels a forfeiture at the expiration of six months, or which limits the time for imposing fines.

4. The word "may" in sec. 5 of the Act of April 10, 1879, P. L. 16, is to be construed as a word of permission.

Argued April 17, 1911. Appeal, No. 215, Jan. T., 1910, by defendants, from judgment of C. P. Blair Co., March Term, 1910, No. 551, on verdict for plaintiff in case of Workingman's Loan & Building Association of Altoona v. Thomas Heaton et al. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Scire facias sur mortgage to recover arrears of dues, interest, premium and fines. Before BALDRIDGE, P. J.

The plaintiff building association claimed in all $2,801.60. The defense was that there had been an oral contract entered into between the association and the defendants under which $50.00 a month was to be paid instead of $37.50, the latter amount being the sum of the regular monthly payments due under the mortgage; that $12.50 of the $50.00 was to go in liquidation of the arrearages of dues, interest and premiums existing on November 22, 1900, and that $37.50 was to be appropriated each month to the accruing dues, interest and premium, and that no fines were to be charged thereafter. The plaintiff association denied that any such contract had been made and appropriated the monthly payments of $50.00 on account of arrearages in dues, interest, premium, and fines, so receipting each month to the defendants.

The trial judge charged: "The mortgage provides that monthly the defendant should pay dues of $15.00, interest $15.00, and premium $7.50, or a total of $37.50 per month. It seems that he defaulted in the monthly payments, and

in November of 1900 he visited the board of directors of the association, and he testified to an agreement relative to him paying $50 per month. We say to you as a matter of law that the testimony in this case does not rise to the requirements of the law, and that you should not, in your deliberations, consider the question of this alleged agreement. As to that question, you have nothing whatever to do. The sole question for your determination is whether or not the defendant in this case made a request when he made his monthly payments how the payments so made should be appropriated." The court in a general way called attention to the contentions and the testimony concerning the manner in which the defendant Heaton claimed that he had directed the appropriation of his payments, and instructed the jury that if they believed that these directions for such special appropriations had been given, then the plaintiff could not recover the full amount of its claim as made up. The jury rendered a verdict of $2,128 in favor of the plaintiff.

Article VII of the plaintiff's by-laws provides: "Section 1. If any stockholder or trustee shall continue, and neglect, or refuse to pay his, her or their monthly dues and fines for the space of six months, his, her or their share or shares of stock shall, at the option of the Board of Directors be declared forfeited. . . . Section 2. Each and every stockholder who shall neglect or refuse to pay his, her or their monthly dues, interest or premium or either of them, as often as the same shall become due, and payable, shall forfeit and pay the additional sum of two cents monthly on each and every dollar or fraction thereof due by him, her or them, whether it be principal, interest or premium, provided, as hereinbefore mentioned, that no fines shall be charged on fines." The court reserved the question as to whether or not fines could be charged after six months, with the right to reduce the verdict by $957.13 if the point should be decided in favor of the defendants. Judgment for the plaintiff was entered upon the verdict in the full amount. The defendant appealed.

*Errors assigned* were (1) overruling defendant's objection to plaintiff's offer in evidence of the mortgage sued upon; (2) admitting the constitution and by-laws of the plaintiff association; (3–16) rulings on evidence concerning the alleged contract not to charge fines; (17) that part of the charge above quoted in reference to the alleged contract; (20) instruction that the evidence was insufficient in law to support the alleged contract; (23–25) refusal of three of defendant's requests for charge predicated upon the alleged contract; (18, 19, 21, 26, 27) answers to points relative to the right to charge fines after six months; (22) refusal to instruct that "there can be no interest charged upon interest, premium and fines, since the stock matured;" (28–31) abstracts from the opinion of the court below overruling the motion for judgment in favor of the defendants; (32) entering judgment on the verdict in favor of the plaintiff.

*Thomas H. Greevy*, with him *E. G. Brotherlin*, for appellant.—Fines for failure to pay installments of dues and interest to a building and loan association cease when the association exercises its option to declare the whole debt due and proceeds to foreclose a mortgage for it: Murphy v. Goodland Bldg. & Loan Assn., 2 Kan. App. 330 (43 Pac. Repr. 863); Lynn v. Freemansburg Bldg. & Loan Assn., 117 Pa. 1.

Fines cannot be imposed after six months: Houlette's Est., 2 Chester County, 511.

*J. F. Sullivan*, with him *C. J. McCullough*, for appellee.—The declarations of the directors were inadmissible: Johnston v. Elizabeth Bldg. & Loan Assn., 104 Pa. 394; Erthal v. Glueck, 10 Pa. Superior Ct. 402; Helping Hand Building & Loan Assn. v. Buss, 13 Pa. Superior Ct. 343; Haspel v. McLaughlin-Lyons, 38 Pa. Superior Ct. 334; Gaynor v. Williamsport, etc., R. R. Co., 189 Pa. 5; Stoystown & Greensburg Turnpike Road Co. v. Craver, 45 Pa. 386.

Directors must act together as a board: Stoystown

& Greensburg Turnpike Road Co. v. Craver, 45 Pa. 386; Fisher v. Harrisburg Gas Co., 1 Pearson, 118; Allegheny County Work House v. Moore, 95 Pa. 408; Curry v. Cemetery Association, 5 Pa. Superior Ct. 289; Gaynor v. Williamsport, etc., R. R. Co., 189 Pa. 5.

There was no ratification of the alleged contract: Freeman v. Printing Co., 9 Luz. Leg. Reg. 37; Twelfth St. Market Co. v. Jackson, 102 Pa. 269; Farmers' Bank v. McKee, 2 Pa. 318.

The association had a right to impose fines after a period of six months' default: Building Assn. v. George, 3 W. N. C. 239; Howley Bldg. Assn. v. Taylor, 15 Phila. 246; Lynn v. Bldg. & Loan Assn., 117 Pa. 1.

There is no limitation as to the time in which associations can impose fines: Natl. Saving Fund & Bldg. Association v. Robinson, 19 Phila. 358; Folsom Bldg. & Loan Assn. v. Gogel, 24 Pa. Superior Ct. 539.

OPINION BY MR. JUSTICE MOSCHZISKER, October 9, 1911:

The appellant states two questions involved: (1) "A, defendant, purchased from B, a loan and building association, a number of shares of stock, and became a borrower, giving as security a judgment bond and mortgage. After several years A defaulted in his payments and became in arrearages for more than six months. A appeared before board of directors, and offered to pay a certain amount per month covering his regular payment of dues, interest and premium and a certain amount of the arrearages, provided they would not tax any more fines. This proposition was accepted and agreed to by the board. A continued the payment of the amount agreed upon for four years, and B, notwithstanding the agreement made, continued to tax fines, against objection by A. Upon trial of suit, court refused to submit question as to whether agreement made was such a contract as would bind B. Was this not error?" The trial judge refused the issue thus outlined upon the ground that there was no sufficient evidence to justify its submission. After a careful scrutiny of the testimony and

documentary evidence upon the record, we are not con-
vinced that there was any error in this ruling. At the most
the defendant Heaton showed that he was desirous of mak-
ing such an agreement and that certain individual members
of the board had informed him that his proposition had
been acceded to. But there was no testimony showing that
the agreement was expressly entered into, or which would
justify the conclusion that as a matter of fact the contract
was actually made. The alleged oral agreement not to
charge further fines after November 22, 1900, was con-
trary to the by-laws of the plaintiff corporation and the
written contract of the parties, and it finds no sufficient
support in the minutes of the association. There is noth-
ing in the constitution or by-laws which authorizes in-
dividual officers to enter into such contracts, and the di-
rectors could not bind the association in that respect by
their individual declarations; nor could such loose declara-
tions bind it upon the theory of ratification: Smith v.
Crum Lynne Iron & Steel Co., 208 Pa. 462; Gaynor v.
Railroad Co., 189 Pa. 5; Allegheny County Work House
v. Moore, 95 Pa. 408; Stoystown & Greensburg Turnpike
Road Co. v. Craver, 45 Pa. 386; Curry v. Cemetery Assn.,
5 Pa. Superior Ct. 289; Endlich on Building Assn. (2d ed.),
sec. 179, 10 Cyc. 774.

While, owing to the lack of adequate evidence, the trial
judge refused to submit the issue as to the existence of
the contract alleged by the defendants, yet he did permit
the evidence to go to the jury upon the question of whether
or not Heaton had directed a special appropriation of the
monthly payments, and the verdict shows that issue found
in favor of the defendants. The evidence bearing upon
the dealings between the officers of the plaintiff associa-
tion and Heaton, was given the full effect to which it
was entitled, and we feel that no injustice was done by the
rulings in relation thereto.

The other question which the appellants state as in-
volved, is, (2) "Court reserved point to determine as a
matter of law whether fines could be charged after six

months' arrearages. Defendants' motion for judgment on reserved point overruled. Was this not error?" It will be noticed that under the by-laws of the plaintiff association, as well as under the terms of the bond and mortgage, the stock of a borrowing member does not become forfeited at the end of six months' default unless so declared, at the option of the board of directors. If associations were compelled to declare a forfeiture and proceed on the mortgage of a borrowing member at the expiration of six months' arrearages, the result would be lamentable; many worthy persons would lose their homes, who, if given a little indulgence, could save them. On the other hand, if the associations were to be deprived of the privilege of imposing fines on borrowing members after the expiration of six months, a failure to foreclose against defaulting stockholders would be inequitable to non-borrowing stockholders and also to debtor stockholders who pay promptly; for the defaulting borrowing members would be apportioned their respective shares of the profits of the association, which would arise from a strict compliance with all the obligations of membership by such other stockholders. Hence, for the protection of all, associations would be obliged to foreclose promptly upon the expiration of the six months period.

The thought back of the whole building association idea is the common good of all stockholders, and the system of fines which has always been fully recognized in the law as an essential part of the plan, tends to maintain the general scheme of mutuality. The one who pays the fine derives the benefits therefrom as a member of the association in common with the other stockholders; no injustice is suffered, for he can always stop the running of the fine by paying the arrearages, or, he can pay off his loan and cease to be a member of the association, or, if he is unable to pursue either of these courses, he can notify the association of his inability to pay and that he desires it forthwith to foreclose upon his property in order to stop the running of further fines. If the present defendants had

taken this last course and the association had neglected or refused to foreclose within a reasonable time, they might have been in a position to complain of the fines imposed thereafter, on the theory that such fines constituted an unreasonable penalty which the law would not permit. See Lynn v. Bldg. & Loan Assn., 117 Pa. 1. But the defendants did none of these things; on the contrary, they asked that they should be given time, and that they should not be proceeded against; the delay was upon their own application, and they were bound under the by-laws of the association and the law of the state to pay the fines as imposed.

There is nothing in any of the acts of assembly governing the subject before us which compels a forfeiture at the expiration of six months or which limits the time for imposing fines. The Act of April 10, 1879, P. L. 16, provides, "Section 5. In case of non-payment of instalments of stock, premiums, dues or interest, by borrowing stockholders, for the space of six months, payment of the same, together with the full principal of the loan, may be enforced by proceeding on their securities according to law; . . . . Section 6. Fines or penalties for the non-payment of interest, instalments of dues, and bonus or premium, shall not exceed two per cent per month on all arrearages." The practice pursued by the plaintiff association was in accord with this act. We have not been referred to an authority from either of our courts of appeal which rules these points, but we are convinced that the verb "may" in sec. 5 of the above act should be construed as a word of permission (26 Cyc. 1590), and that the fines imposed in this case did not in any way exceed those allowed in sec. 6. After considering all of the specifications, we are not convinced of any reversible error upon the record.

The assignments comprehended in the statement of the questions involved are overruled, the others are dismissed, and the judgment is affirmed.