## Artisans Building and Loan Ass'n v. Campbell, Admin'x.

*Building and loan associations — Fines — Computation—Act of April 10, 1879.*

1. The Act of April 10, 1879, P. L. 16, gives building and loan associations the right to impose fines for non-payment of interest, dues and bonus or premium, at a rate not in excess of 2 per cent. per month on all arrearages, and any arithmetical progression in the result of the computation thereof does not make it usury.

2. Such right, however, ceases with the death of a borrower, as it is strictly personal to him by way of punishment for his failure of a duty towards the association.

Motion for judgment *sec. reg.*   C. P. Lackawanna Co., May T., 1922, No. 197.

*O. B. Partridge,* for plaintiff; *James J. Powell,* for defendant.

NEWCOMB, J.—*Sci. fa. sur* mortgage given to plaintiff association by D. J. Campbell, one of its members. Date of mortgage, July 15, 1916; debt, $5000. Payable in monthly instalments of $50, being $25 on account of dues, and the like amount for interest, beginning in August, same year. No payment was ever made. Mortgagor died at this city, the place of his domicile, April 24, 1920.

In the meantime, the plaintiff's assets have been taken over by the Commissioner of Banking *sec. leg.*, and at his instance foreclosure was begun by this writ March 24th, this year, to which defence was taken by affidavit. Instead of challenging its sufficiency by exception, plaintiff replied. Thereupon, by agreement of counsel at bar, the case was deemed to be at issue on the pleadings, and was submitted in that form for decision by the court.

The single question in dispute is as to the amount of fines incurred by the mortgagor's default.

Plaintiff association came into existence since 1879, and is, therefore, subject to the provisions of the statute of that year relating to such institutions: Act of April 10, 1879, P. L. 16. Hence, its authority to impose fines as therein limited is unquestioned. The provision is this: "Fines or penalties for the non-payment of interest, instalments of dues and bonus or premium shall not exceed 2 per cent. per month on all arrearages:" Section 6.

That is the amount of the penalty to which this mortgagor was subject by force and effect of section 5 of plaintiff's constitution, in terms as follows: "Any stockholder neglecting or refusing to pay his or her monthly dues, interest, premiums or insurance as the same shall become due shall pay an additional sum of 2 cents monthly on each dollar remaining unpaid."

Artisans Building and Loan Ass'n v. Campbell, Admin'x.

Default in this case began with the first instalment falling due in August next after the date of the mortgage. The arrearage then amounted to $50. Hence, $1 penalty is claimed for that month. But the default continued and the amount remaining unpaid accumulated by regular increments of $50 each successive month, and on plaintiff's computation the fine made a corresponding growth, so that the next month it was $2; the next $3, and so on, increasing by $1 each month.

To this it is objected that it compounds the fines and amounts to grievous usury. Accordingly, it is claimed to be invalid under the ruling of Lynn v. Building and Loan Association, 117 Pa. 1.

But that decision doesn't touch the point at stake here, which is that of the method of computation. The issue there was on the question whether a penalty of 10 per cent. a month was a reasonable exercise of corporate power to enact by-laws. As illustrating its excessive character, the reasoning of the court pointed out that at the end of twelve months a member continuously in default on a $50 monthly payment would have to pay 120 per cent. of the principal sum upon which default had been made. This was a case of an association not governed by the Act of 1879; the extent of its authority in the premises was entirely open, and on strictly common law grounds the rate was held to be excessive, and, therefore, unlawful.

The same applies to what is said on the subject at section 412 in Judge Endlich's excellent work cited by counsel. For it is not to be overlooked that what was there under discussion was the rate; the arithmetical progression which was pronounced invalid was in the rate itself, not in the unavoidable result due to the regular increase in the principal amount owing by the delinquent member. In that connection, the learned writer, commenting upon the legitimate purpose to be subserved by the imposition of a penalty, observed that "a fine of from 1 to 2 per cent. per month would in nearly all cases be sufficient and just."

No question of rate can arise here, as that is disposed of by the statute. Thus the inquiry narrows itself to the simple question whether plaintiff's computation is in accord with the terms of this act and those of its own constitution, and I am unable to see why it is not.

As limited by the statute, the right of assessment recurred from month to month and the subject-matter was "all arrearages." The law of the plaintiff association imposed the penalty monthly "on each dollar remaining unpaid." As between the two forms of expression, there is no substantial variance. Neither is there any apparent room for difference of opinion as to what is meant. The unavoidable conclusion is that in August, 1916, mortgagor was chargeable with a penalty of $1 because there was then in arrear and unpaid the sum of $50; while, for example, by January next following the charge would be $6, because the arrearages then amounted to $300, and so on to the end.

This serves to call attention to one other question discussed by counsel, viz., whether the penalty can be claimed down to the date of foreclosure.

No hesitation is felt in holding that it cannot continue beyond the date of the borrower's death. It must be regarded as strictly personal to him, as it can only be justified by way of punishment for some delinquency in and about the discharge of some personal duty owing by the member to his association. When he ceases to be a member, such duty ceases; and it can make no practical difference whether the membership has terminated by death, withdrawal or otherwise howsoever. Hence, in this case, the date of death must be taken to have marked the close of this disputed part of the account.

3 D. & C.

Finally, it is said that the association has incurred the penalty of laches for suffering the mortgage to run on uncollected all these years, and should, therefore, in justice and equity, be visited with the forfeiture of the fines, either in whole or in part. Considering the nature of the relation between the members of such association, the theory is believed to be erroneous: Building and Loan Ass'n v. Heaton, 233 Pa. 173.

The issue is with plaintiff and the entire account may be stated as follows:

| | |
|---|---:|
| Debt | $5000.00 |
| Interest July 15, 1916, to Aug. 12, 1922 | 1823.30 |
| Fines to April 1, 1920 | 1035.00 |
| Attorney commission provided by mortgage | 250.00 |
| Total | $8108.30 |

For that amount judgment is directed to be entered for plaintiff and against the defendant.                                    From William A. Wilcox, Scranton, Pa.