## Jacob *v.* Corey, Appellant.

*Judgment—Opening judgment—Discretion of court—Evidence.*

An application to open a judgment entered by confession is addressed to the equitable powers of the court, and on appeal, the question is whether there has been a rightful exercise of discretion. The measure of proof required to send a case to the jury cannot be defined by rule, but the defendant should be allowed a trial where he has shown a preponderance of evidence sufficient to sustain a verdict in his favor.

A rule to open a judgment entered by confession should be made absolute, where there is no doubt that the plaintiff received some money on account of the debt, which he did not apply thereto, or give credit to the defendant for the same.

Argued May 7, 1924.   Appeal, No. 33, April T., 1924, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1921, No. 960, D. S. B., discharging rule to open judgment in case of Alex Jacob, Alias Alexander Jacob v. Philip H. Corey, Alias Philip H. Coray.   Before HENDERSON, TREXLER, LINN and GAWTHROP, JJ.   Reversed.

Rule to open judgment.   Before CARNAHAN, J.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule.   Defendant appealed.

*Error assigned* was the order of the court.

*Sidney J. Watts,* and with him *J. E. Little,* for appellant.

*Paul A. Stuart,* for appellee.

OPINION BY GAWTHROP, J., July 2, 1924:

This is an appeal from an order discharging a rule to open a judgment entered by confession on September 14, 1921, by leave of court, on a judgment note for $480, dated April 1, 1908. Judgment was entered for the amount of the note and interest from the date thereof. The allegation by the defendant is that the note has been paid. He testified that he received $380 from the estate of a Mrs. Hammond, and that the entire amount was paid to the plaintiff by his attorney, Mr. Erskine, on account of the note; that Mr. Erskine also paid the plaintiff the proceeds of a judgment secured in a suit brought by the defendant against one Sleyman; that he furnished a room to T. Corey at the plaintiff's request for seventeen months at $2 per week, and that the plaintiff promised to give him credit on the note in suit for the amount of the room rent; that these payments were all made before 1912; that they discharged the note; and that at the time he demanded the return of the note and the plaintiff said that he would destroy it. He testified further that from that time until an attachment execution was issued on the judgment immediately after its entry, the plaintiff never mentioned the note, although he saw him very frequently during the whole period. The defendant called as a witness E. DeWitt Erskine, a member of the Bar of Jefferson County, who testified that he represented the plaintiff, Jacob, in a suit against one Sleyman and recovered for him a judgment for $237.66, the exemplification of the record being offered in evidence. The date was 1911. The witness produced and identified three of his checks in the sum of $364.25 and testified that the amount thereof was paid to the plaintiff. He corroborated the defendant by testifying that

he paid the plaintiff the proceeds of the judgment which the defendant secured against Sleyman and the money collected from the estate of Mrs. Hammond. He stated positively that the money sent to the plaintiff by the three checks which he produced was not all of the money which he paid him; that he was satisfied there was from two hundred and twenty-five to two hundred and fifty dollars paid by him to the plaintiff in addition to the money from the Jacob-Sleyman judgment. In answer to the question, "Did the three payments testified to by you pay the judgment note in full," he said, "No, I was informed by Mr. Jacob that there would be a small balance due him on his note." He also testified that about that time Jacob produced a note given him by the defendant and said that the defendant owed him more than the amount of the note.

Plaintiff testified in support of the note that shortly after the date thereof he became surety or guarantor to Boggs & Buhl, of Allegheny, for some rugs sold to the defendant. The bill for the rugs amounted to $479, on which the defendant paid $26.50; that he later received about $365 in his suit against Sleyman, which involved the rugs above mentioned, and that with this money he was able to square the account with Boggs & Buhl. He said he never received any money from the defendant on account of the note.

In the light of this record, we think that the rule to open the judgment should have been made absolute. A careful reading of the evidence has satisfied us that it is sufficient to sustain a verdict for the defendant. That is the test in such cases: Kaier Co. v. O'Brien, 202 Pa. 153. There does not seem to be any doubt that the plaintiff received some money on account of the note which he did not apply on account of it. The testimony of Mr. Erskine as to the amount paid to Jacob is not as precise as it might have been, but it may be that he will be able at the trial to supplement his testimony given in the present proceeding by other memoranda and more defi-

nite evidence as to the amounts he paid to the plaintiff. At all events we think that, on the record before them, the learned judges of the common pleas erred in refusing to permit a jury to pass upon the evidence. The weight of the evidence is for a jury.

The order is reversed, the rule is reinstated and the record is remitted with direction to open the judgment.