## Ferguson, Exrx., *v.* O'Hara et al., Appellants.

*Judgment—Opening judgment — Discretion of court — Meritorious defense.*

1. The opening of a judgment is largely a matter for the discretion of the court where entered.

2. To warrant the opening of a judgment, a meritorious defense must be shown.

3. A rule to open a judgment is properly discharged where the averments of the petition to open are flatly denied by the answer, and are not supported by proof.

Argued February 8, 1926. Appeal, No. 120, Jan. T., 1926, by defendants, from order of C. P. Schuylkill Co., March T., 1923, No. 419, discharging rule to open judgment, in case of Mary A. Ferguson, Executrix of Patrick Dillon, deceased, v. Margaret J. O'Hara et al. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart and Schaffer, JJ. Affirmed.

Rule to open judgment. Before Berger, J.

The opinion of the Supreme Court states the facts.

Rule discharged. Defendants appealed.

*Error assigned* was order, quoting record.

*Roscoe R. Koch,* with him *William C. Devitt,* for appellants.—Margaret O'Hara, having released the executrix in settlement of her share of her father's estate, is deemed to have accepted her legacy under the will with the condition attached, and to have discharged and complied with said condition: Eichelberger's Est., 135 Pa. 160.

The application to open this judgment is addressed to the equitable powers of the court, and on appeal the question is whether there has been a rightful exercise of discretion. The evidence and facts in this case would amply support a verdict for defendants, and therefore the judgment should be opened and defendants be permitted to defend: Jacob v. Corey, 83 Pa. Superior Ct. 605; Kaier v. O'Brien, 202 Pa. 153; Budd v. Coyer, 273 Pa. 309; Brewing Co. v. White, 273 Pa. 578.

*M. M. Burke,* for appellee, cited: Tressler v. Emerick, 278 Pa. 128; Simkin v. McGovern, 272 Pa. 591; Krall v. Savings & Loan Assn., 277 Pa. 440; Schultz v. Rudman, 81 Pa. Superior Ct. 239; Wade v. Thornton, 283 Pa. 544; Citizens Nat. Bank v. Marks, 34 Pa. Superior Ct. 310.

OPINION BY MR. JUSTICE WALLING, March 15, 1926:

On February 15, 1923, the defendants, M. J. O'Hara and James J. O'Hara, gave plaintiff's testator, Patrick Dillon, a judgment note for $2,800, payable two years after date; the next day judgment was entered thereon in the Court of Common Pleas of Schuylkill County, defendants paying the entry fee. Dillon died in July of the same year. Thereafter his executrix was substituted as plaintiff in the judgment, and, after its maturity, caused execution to be issued thereon. Thereupon James J. O'Hara, for himself and his codefendant, filed a petition to open the judgment, averring pay-

ment by petitioner's divorced wife, Margaret O'Hara, a daughter of Mr. Dillon. To this the executrix, another daughter of Mr. Dillon, filed a responsive answer and some depositions were taken on behalf of defendants.

For several years, prior to 1923, the O'Haras were indebted to the First National Bank of Mahanoy City on two notes of $1,500 each, on which Dillon was liable, either as an accommodation maker or endorser. There had possibly been some change made in the names on these notes when renewed from time to time; Mrs. O'Hara's name appeared, at least in some instances, as a party to one note and Dillon's name appeared uniformly upon both. The consideration for the judgment note was the payment by Dillon of the balance of $2,800 then due the bank on the two notes, on one of which Mrs. O'Hara and he, and on the other the defendants and he, were the parties ostensibly liable. In 1920 Dillon made his last will, item three of which gives one-half of his residuary estate to his daughter, Mary A. Ferguson, and item four, giving the remaining one-half to Mrs. O'Hara, is as follows: "I give devise and bequeath unto my beloved daughter, Margaret O'Hara, absolutely and in fee, the other equal half part of the said residue of my estate, provided and on condition that she pay or cause to be paid within a period of one year after my death three certain promissory notes, or the renewal or renewals of the same, now amounting to the sum of seven thousand ($7000) dollars, upon which at the present time I am the endorser or guarantor. The said notes are fifteen hundred ($1500) dollars made by my said daughter, Mrs. Margaret O'Hara, and held by the First National Bank of Mahanoy City, Pennsylvania, fifteen hundred ($1500) dollars, made by O'Hara Brothers, and held by the said First National Bank of Mahanoy City, Pennsylvania, and four thousand ($4000) dollars made by O'Hara Brothers and held by the First National Bank of Shenandoah, Pennsylvania." The $4000 note is not involved in this case. In 1924 the

executrix received from Mrs. O'Hara a full release of her share of Dillon's estate and the petition avers that Mrs. O'Hara paid the executrix the $2,800 judgment, also that, in any event, the release operated as such payment, which judgment note it avers was in fact given for her indebtedness. These averments, expressly denied in plaintiff's answer, are not sustained by any proof; the effect of the release, however, seems to be a question of law. The trial court refused to open the judgment and defendants have appealed.

There would be much force in appellant's position if the debt for which the $2,800 note was given had been that of Mrs. O'Hara and she had in fact paid it in the adjustment of her father's estate, but both of these averments are flatly denied in the answer and neither is supported by any proof; hence, the answer must prevail: McKee v. Verner, 239 Pa. 69; and see Huppert v. Huppert, 224 Pa. 374; Citizens National Bank v. Marks, 34 Pa. Superior Ct. 310. Under this state of the record we must assume the note in suit was given for an indebtedness of the defendants, which they have never paid and are therefore not entitled to have the judgment opened. Even if Mrs. O'Hara's release operated as a payment of the judgment to her father's estate (which we do not decide), it would afford no ground for opening the judgment; in that event it should be marked for her use. That Mrs. O'Hara's name appears as maker on one of the notes held by the bank does not prove it was her individual debt, especially in face of the judgment note defendants gave Dillon for the full $2,800. He knew the terms of his will when he paid the bank, took the note in suit and entered it of record, which shows he did not intend to release defendants. When Dillon made his will he was under large liability because of endorsing for the O'Haras, and he perhaps not unreasonably thought Mrs. O'Hara, rather than his other daughter, should bear the loss, if any, that might result. An adjustment of the equities between the daughters was

one thing, but between Dillon's estate and the defendants another; the will did not absolve them from liability, and had Dillon lived until the maturity of the judgment he could have enforced payment from the defendants.

Furthermore, the opening of a judgment is largely a matter for the discretion of the court where entered (Krall v. Lebanon Valley S. & L. Assn., 277 Pa. 440; Simkin v. McGovern, 272 Pa. 591; Jacob v. Corey, 83 Pa. Superior Ct. 605; Schultz v. Rudman, 81 Pa. Superior Ct. 239), which here was wisely exercised. To warrant such opening a meritorious defense must be shown: State C. of Pa. P. S. of A. v. Kelly, 267 Pa. 49; Krall v. Lebanon Valley S. & L. Assn., supra.

Eichelberger's Estate, 135 Pa. 160, relied on by appellants, is as to the effect of statements in a father's will showing advancements made by him to his children and bears no analogy to the instant case.

The order discharging the rule to open judgment is affirmed.