## Arata v. Wright, Appellant.

Argued December 11, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

576

*Maxwell Pestcoe,* for appellant.

*George P. Aarons,* and with him *James T. Carey,* for appellee.

OPINION BY TREXLER, P. J., February 27, 1931:

This was a rule to open judgment. George W. Wright gave a judgment note to Frank Arata for $1,925 to secure the performance of a building contract between Arata who owned the property upon which the building was to be erected and one, Broughton.

The note was dated April 23, 1924; judgment was entered April 29, 1924; George W. Wright died April 7, 1925, and his widow became his administratrix. On March 21, 1927, the administratrix petitioned the court for a rule to open the judgment and let her into a defense, alleging that the note was given to secure a performance of the building contract, that the contract was to a great extent performed by the contractor, but was not fully completed because of the plaintiff's failure to pay for the work as it progressed, and in consequence, the contractor was obliged to withdraw his tools and materials when his contract was nearly completed. The answer filed denied the above and on the contrary, averred that the contractor withdrew from the job thereby compelling the plaintiff to secure the services of another contractor to complete the work called for by the original contract and

that the cost of completion far exceeded the amount of the judgment. The court discharged the rule.

After a careful consideration of the testimony, we are all of the opinion that the judgment should be opened and the defendant allowed to present her case before a jury. We start out with the admitted fact that the judgment was not given for a debt existing at the time it was executed. It was in the nature of a guarantee that Broughton was to complete the contract for the erection of the building. In support of the contention that there was no breach on the part of the contractor in the performance of his contract, the administratrix of the maker of the note brought three witnesses, all of whom were employed by the contractor. They testified that Arata, the plaintiff, was unable to fulfill the terms of his agreement and forced the contractor to leave the job and prevented him from completing the same. One of the witnesses testified that plaintiff said that the owner said he would see his lawyer, that all stopped because he stopped until he saw his lawyer and further on, "that plaintiff was not going to let them work any more until he saw his lawyer." Another witness testified to a conversation he had overheard between Wright, the maker, Broughton, the contractor, and Arata, the owner of the property, he states, "I heard the owner of the property, saying the job would have to be shut down, they would have to quit, 'I haven't got money to carry on.'" Also, "What's the use of me having you to complete the job and then tell you I haven't got the money to pay you," and more to the same effect. Another witness who heard the same conversation testified to the fact that the contractor desired to complete his contract, but the plaintiff owner would not let him do so. Two of these witnesses testified the work was completed up to the third floor and the only thing left to do was to put on the roof and part of the third floor. This is borne out by the admission of

the owner that he had paid the contractor all but $500 of the contract price. Notwithstanding this admission, the owner testified that it cost him about $2,800 to finish the job. It seems strange that the contractor was to receive $500 for completing the job which cost the owner over $2,800 to finish.

As we have stated before, there is no presumption arising from the giving of this judgment note as to any amount being due and owing at the time of its execution, for admittedly, none was then due. Default must appear before the liability of the maker of the judgment absolutely attaches. Where, as in this case, there is serious doubt as to whether there was any default, we think the matter should be threshed out before a jury. The testimony submitted in behalf of the defendant in this regard would be sufficient to sustain a verdict in her favor. That is the test in such cases: Jacob v. Corey, 83 Pa. Superior Ct. 605; Kaier Co. v. O'Brien, 202 Pa. 153.

The order of the court discharging the rule is reversed, the rule is reinstated and made absolute.