Landis *v.* Hoch et ux., Appellants.

Argued November 1, 1932.

Before

TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Alexander Perry,* for appellant.

*Marcus M. Lyons,* and with him *Robert R. Gould,* for appellee.

OPINION BY STADTFELD, J., March 3, 1933:

This is an appeal by defendants from the order of the lower court refusing to open a judgment entered against them on a judgment note dated January 8, 1932, calling for the payment of $89, one day after date.

The petition of defendants asking to have the judgment opened avers "that they were on January 8, 1932, induced to sign the said judgment note by rea-

son of the false and fraudulent misrepresentations of the plaintiff in the above, in that the plaintiff falsely and fraudulently and with intent to defraud your petitioners told them at the time they were signing the said note that it was a receipt for a radio which, by reason of the insistence of plaintiff, they had agreed to let plaintiff install in their home on approval for one week with the express verbal agreement that if they did not desire to buy the said radio they could return it at any time before the said week had ended. Whereupon the plaintiff falsely and fraudulently and with intent to defraud your petitioners secured their signatures to the said note by representing to them that it was merely a receipt for the said radio.''

An answer was filed by plaintiff, denying in detail the averments of the petition and alleging that the defendants bought the raido, paid $1 on account, promised to pay the balance, $89, on January 11, 1932 and executed the note upon which judgment was entered.

Depositions were taken on behalf of defendants as well as of plaintiff.

In the depositions of Josephine Hoch of defendants, she testified in part as follows: ''Q. Did Mr. Landis at any time say to you that you were merely signing a receipt for a radio when you put your signature on the paper? A. He said, come on Mrs. Hoch sign here. Q. Then this allegation we made in the petition to open this judgment was not true. A. No, that is not true. Q. Do you remember signing any paper or putting your name on any paper on that day? A. No. Q. You did sign something that day? A. Yes—only one. Q. What did you think you were signing when you signed your name on that day— January 8th? A. I thought if Mr. Landis leaves the radio in my house, he wants to be sure that when he comes to ask for it he will have something black and

white. I thought if he leaves it in my house he has to have something to show for it. Q. On January 8, 1932, did you give Mr. Landis any money? A. He asked me to give the boy something for the wire that he put on the radio. Q. Why did you give him the dollar? A. He asked me to give that to the boy for this wire. Then he came in the dining room and said 'Mrs. Hoch that dollar will go on the rugs.' Q. Did you owe him any money on any other transactions? A. Yes it was $7 and then he made it $6." Further, on cross-examination she testified. "Q. You say that before you signed, you went and got your reading glasses. A. Yes. Q. Did Mr. Landis tell you that the paper you were signing was a judgment note? A. No. Q. What did he say? A. He said nothing— just Mrs. Hoch you come and sign here and he showed me the line and gave me his pen and that was all."

Karl Hoch, the husband, appellant, testified, "Q. Why did you sign this small booklet? A. That was to show that Mr. Landis left the radio with us for one week. Q. Did Mr. Landis tell you that. A. No." Mrs. Hoch admitted in her testimony that the signature was hers.

Mr. Kerns, a witness called on behalf of defendants testified "Q. She (Mrs. Hoch) didn't tell you that Mr. Landis misrepresented anything. A. No."

In these depositions appellants apparently abandoned the statement in their petition that they were induced by false representations that the paper was a receipt, to sign the judgment note.

Plaintiff's depositions were certain and direct. He testified to an absolute sale of the radio to defendants for the sum of $90 at the time he brought it to their residence; that Mrs. Hoch paid $1 on account and promised to pay the balance on the following Monday; that both defendants read the judgment note before signing it; that he told them it was a judgment

note due one day after date; that after signing the judgment note Mrs. Hoch signed the delivery slip. This delivery slip, which Mrs. Hoch admitted signing, specifies a sale to defendants of a Philco radio for the sum of $90 and a payment of $1 cash, balance to be paid in full January 19, 1932. It also contains above the signature of Mrs. Hoch the following statement: "I or we have received the goods above described and hereby certify that the same is satisfactory, it is what I or we ordered at the prices above set forth, and I or we further declare that there are no promises or representations of any kind made to us."

The depositions ex parte defendants are very unsatisfactory. It is difficult to make out whether Mrs. Hoch claims to have signed a blank form or that the body of the paper she signed was hidden from her, or whether she signed one or two papers.

Upon the petition and answer and the depositions taken, the court declined to open the judgment. Subsequently defendants filed a petition for rehearing, averring "that they did not sign a judgment note; that if said signatures on the judgment note be their signatures, they did not intentionally affix their signatures to said instrument, but that they did only sign a receipt." This petition was refused. The averments in this petition were not only equivocal, but they were inconsistent with the averments in the original petition.

Subsequent to the taking of the appeal in this case, an exhaustive opinion was filed by FINLETTER, P. J., which shows that he gave careful and painstaking consideration to this case in disposing of it. As stated by him in the opinion filed "when the judgment note containing the admitted signature of the defendants is added, the weight of the evidence is entirely with

the plaintiff. We could not sustain a verdict for the defendant on such proofs.''

The opening of a judgment rests in the sound discretion of the court, and in general, will not be reversed unless the evidence is such that the jury ought and probably would, find in favor of the defendant: Cruzan v. Hutchison, 210 Pa. 88; Schultz v. Rudman, 81 Pa. Superior Ct. 239; Ferguson v. O'Hara, 286 Pa. 37. Likewise, a petition for a rehearing rests in the sound discretion of the court.

We have carefully read the petitions and answer, as also the depositions, and can not find any abuse of discretion on the part of the lower court in making the orders in this case.

The assignments of error are overruled and the orders of the lower court affirmed.