## Snyder v. Arnold et ux.

*George O. Wagner*, for plaintiff.
*Hervey B. Smith*, for defendants.

HERRING, P. J., March 4, 1939.—On October 27, 1934, plaintiff by written agreement leased to defendants "all that second floor apartment and one room and a closet on the third floor located at No. 317 Mill Street, Danville, Pa. Party of the first part reserving the right to the use of the said bath room on second floor."

The rental fixed in said lease was $30 per month, payable in advance, and the lease further provided:

"For the term of one year beginning November 1, 1934, to be used as a beauty parlor and residence and for no other purpose, at the rate of thirty dollars per month payable in advance which said rent so reserved the said lessee agrees to pay regularly as it may fall due, or within five days thereafter."

Defendants vacated the premises on May 30, 1938, and removed their goods and chattels therefrom.

This lease was for a term or period of one year from November 1, 1934, and premises were to be used as a beauty parlor and residence, with a further provision in the lease as follows:

"Any removal or attempt at removal of any goods or chattels from said premises by the lessee while any portion of the rent for the full term shall be unpaid, shall be deemed a fraudulent and clandestine removal, and the whole rent for the entire term shall fall due and be col-

lectible at once, and all goods and chattels so removed may be followed for the space of thirty days and seized for the collection of the same by landlord's warrant . . . The lessee hereby authorizes any attorney of any court of record, as often as default shall be made in the payment of said rental, to appear for us and confess judgment or judgments against us for the amount of rent then due and unpaid, with attorney's commission of 10 percent, costs of suit, without stay of execution, waiving inquisition and exemption.

"It is hereby further agreed, that if the above named lessee should lawfully continue on the above-described premises after the termination of the above lease, then this agreement is to continue in full force for another year and so on from time to time until legal notice is given for removal, each renewal being subject to the conditions of this lease.

"It is hereby further agreed between the party of the first part and the party of the second part to give ninety days notice to quit."

On July 1, 1938, on affidavit of default, judgment was entered for $150 in favor of plaintiff and against defendants, being the balance of the rent up to November 1, 1938. Thereupon defendants petitioned the court for a rule to show cause why the judgment should not be opened and defendants let into a defense, alleging in said petition that plaintiff had requested them to vacate the premises, and alleging that plaintiff had brought a carpenter to the premises to make some alterations in the same, and alleging that they, defendants, had been released by plaintiff from the terms and conditions of the lease as soon as defendants could find a suitable location in which to move, and also alleging that plaintiff failed to furnish an adequate supply of heat and hot water.

Plaintiff filed an answer to the petition to open the judgment, in which answer plaintiff admits that he did request defendants on November 11, 1937, and perhaps at other times, to vacate and surrender possession of the

leased premises, but that at all times defendants refused to surrender possession at any time other than at the end of the period stated in the lease, viz., November 1, 1938, and plaintiff denied that he instructed a carpenter to make any alterations of any portion of the demised premises. Plaintiff also denies in his answer that he ever agreed that defendants would be released from the terms, conditions, and covenants of the lease as soon as they could find a suitable location in which to move, and plaintiff denies in his answer that defendants were without an adequate supply of heat and hot water.

Depositions of defendants were taken, and defendants called in support of the rule Mrs. Mildred Cole, Hilda De Mott, and Leo Diehl, witnesses for petitioners.

James W. Snyder, respondent in the rule, testified, and Olen D. Eves testified for respondent in the rule.

As to the question of the vacation of the premises by consent of all the parties, it seems to be the oath of petitioners against the oath of respondent, petitioners testifying they were released from the conditions, terms, and stipulations of the written lease by respondent, and respondent testifying that he did not release them. Respondent testified that on Saturday of the week before petitioners removed from the premises Edgar K. Arnold, one of the petitioners, came to his store and asked for a written release in regard to the rent.

The written lease is silent as to heat and water on the demised premises; however, there are a jewelry store and barber shop on the first floor, and Olen D. Eves, proprietor of the barber shop, testified that he had sufficient heat and hot water, except on two or three occasions, in the past two years, when he had to wait a few minutes for hot water.

Rent was paid by defendants to plaintiff to May 31, 1938, and defendants vacated the premises on May 30, 1938.

In Cruzan v. Hutchison, 210 Pa. 88, the court, in a per curiam opinion, said:

"Judgment being entered on a judgment note the defendant obtained a rule to open on affidavit that the note was given chiefly as collateral security to plaintiff against loss in certain matters, that no default had taken place, and that the only debt due plaintiff was a sum specified, much less than the amount of the note. These averments were supported by the appellant in his deposition. On the other hand, the plaintiff by sworn answer to the rule and in his deposition claimed that the note represented the real debt. The case thus came before the court practically upon oath against oath and the written instrument.

"The rule in such cases is well settled. A mere conflict of evidence is not enough to require the court to open the judgment. If there is reason to question the credibility of the witnesses or other matter of substantial doubt, the court as chancellor may send the matter to a jury but is not bound to do so, and in general will not do so, unless the evidence is such that the jury, ought and probably would find in favor of the defendant: Jenkintown Nat. Bank v. Fulmor, 124 Pa. 337; Cloud v. Markle, 186 Pa. 614.

Judgment affirmed."

See also Nelly v. Diskin, 113 Pa. Superior Ct. 249.

"A mere conflict of evidence is not enough to require the court to open a judgment, and in general it will not do so, unless the evidence is such that a jury ought, and probably would, find in favor of the defendant": Schultz v. Rudman, 81 Pa. Superior Ct. 239 (syllabus).

See also Landis v. Hoch et ux., 108 Pa. Superior Ct. 285, and Huppert v. Huppert, 224 Pa. 374.

"The court to which an application is made to open a judgment may judge the weight of the evidence and the credibility of the witnesses, and is not bound, even where there is a conflict of testimony, to send the case to a jury": Augustine v. Wolf, 215 Pa. 558 (syllabus).

The 90-day notice referred to in the lease means that length of notice prior to November 1st of each year.

Plaintiff testified that, after February 1, 1938, he did not request defendants to vacate the premises, for defendants had stated they intended to hold until the end of the term or up until November 1, 1938.

As stated, defendants contended that the lease was terminated by mutual consent, but this is denied by plaintiff, and the allegation of the defendants is uncorroborated; therefore, the rule to show cause why the judgment should not be opened and defendants let into a defense should be discharged.

And now, March 4, 1939, for reasons above stated, the rule is discharged.