## Federal Metal Bed Co. *v.* Alpha Sign Co., Appellant.

*Landlord and tenant—Lease of roof for sign purposes—Suit for rent—Defenses—Failure of consideration—Fraudulent representations — Warranty — Implied — Affidavit of defense — Laches — Waiver.*

1. Where a lease of a roof of a building gives the lessee the use thereof for "signs and advertisements" and for "structures for displaying painted electric and other advertisements," and the lessee, in a suit against him for rent, files an affidavit of defense, it is insufficient if he avers therein that the roof was not available because of its weakness for the use of erecting thereon any electrical sign or signs, "such as contemplated and understood" between the contracting parties, without stating what weight or character of electric signs were contemplated and understood between them, and this is especially so, where the affidavit disclosed that a sign of some description was erected on the roof by defendant and was there when the affidavit was filed.

2. On a rule for judgment, an affidavit of defense is to be taken most strongly against the defendant, for it is to be presumed that

he has made it as favorable to himself as his conscience would allow.

3. There is no implied warranty between landlord and tenant that demised premises are suitable for the purpose for which they are leased; and this is particularly true where the lessee is a specialist in his line and must be assumed to know exactly what was required, while the lessor probably lacked such knowledge.

4. The fact that a lessor issued a notice that a roof, as to which he desired to make a lease, was "available for immediate use" for a sign, does not amount to a warranty that the roof would hold any sort or kind of an electric sign which a lessee might desire to erect on it; nor can such notice be considered as a fraudulent representation.

5. A tenant takes the property subject to all existing defects which can be ascertained by inspection.

6. In an action for rent, one who has occupied a property for a year, is not in a position to allege, as a defense to the payment of further rent, fraudulent representations concerning the condition of the property when he leased it.

7. In such case, a mere complaint to the landlord as to the condition of the premises will not avail; the tenant must do some positive act in disaffirmance of his contract.

8. Such requirement is not met by an averment in an affidavit of defense that the tenant offered to surrender the lease, without stating the time and circumstances of such offer.

Argued March 16, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SADLER, JJ.

Appeal, No. 42, March T., 1927, by defendant, from order of C. P. Allegheny Co., April T., 1926, No. 3149, making absolute rule for judgment for want of sufficient affidavit of defense, in case of Federal Metal Bed Co. v. Alpha Sign Co. Affirmed.

Assumpsit for rent.

Rule for judgment for want of sufficient affidavit of defense. Before ROWAND, J.

The opinion of the Supreme Court states the facts.

Rule absolute. Defendant appealed.

*Error assigned* was order, quoting record.

*Joseph Stadtfeld,* for appellant, cited: Wolfe v. Arrott, 109 Pa. 473; Sacks v. Schimmel, 3 Pa. Superior Ct. 426; Stewart v. Trimble, 15 Pa. Superior Ct. 513; Weixel v. Lennox, 179 Pa. 457; Smalley v. Morris, 157 Pa. 349; Guffey v. Clever, 146 Pa. 548.

*A. Leo Weil, Jr.,* of *Weil, Christy & Weil,* for appellee, cited: Graham v. Hay, 81 Pa. Superior Ct. 594; Rockafellow v. Baker, 41 Pa. 319; Clark v. Everhart, 63 Pa. 347; Wood v. Carson, 257 Pa. 522; Jackman v. Enterprises Co., 256 Pa. 215; Spaulding v. Justice, 68 Pa. Superior Ct. 133.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, April 11, 1927:

This is an appeal from a judgment against defendant for want of a sufficient affidavit of defense.

The statement of claim avers that plaintiff entered into a written lease with defendant whereby it let to the latter "the roof and side walls of a certain building ......for the erection and maintenance upon said roof and......side walls of signs and advertisements and of structures for displaying painted, electric and other advertisements." The lease was for a term of seven years commencing January 1, 1924, at an annual rental of $4,000, payable in equal monthly installments. Plaintiff claimed that defendant had paid no rent since July 31, 1925, and that it owed on that account $3,666.63, for which the suit was brought.

The affidavit of defense admitted the lease and an indebtedness thereunder of $1,333.33, asserting that there had been a failure of consideration amounting to the difference between the sum claimed by plaintiff and that admitted by defendant, and also that the lease "was obtained through fraudulent representations made by the Federal Factories Company, in the interest of and on behalf of the Federal Metal Bed Company, plaintiff."

Defendant admitted that it had used the side walls of the building in question and was still using them for advertising signs; it also admitted that it had erected and still maintained a small electrical sign on the roof, containing the name of defendant company. Defendant averred, however, that "it has [not] at any time maintained signs on the roof of said building for display purposes by its clients and customers, as provided for and contemplated under the terms of the lease"; that, "at the time of the execution of said lease [and also at the time of the sending out of a circular letter, to which we shall refer later on] said roof was not available for use of erecting and maintaining thereon any electrical sign or signs, in that said roof was so weak and defectively constructed......it could not carry or sustain the weight of an electrical sign such as contemplated and understood between plaintiff company and defendant company and provided for under the terms of said lease, and for which the space on said roof was leased to be used; and [that this condition] was......known and understood by plaintiff company."

The affidavit of defense further avers that the lease in question provides that lessee shall have the right to erect and maintain on the roof and sidewalls of plaintiff's building "structures and necessary equipment for the purpose of enabling it to display advertisements of its clients"; that "such structures and equipment shall comply in all respects with all regulations......and requirements of the City of Pittsburgh"; and that "the lessee shall at its own cost and expense comply with all [such] rules, orders......and regulations." It then avers that on "March 15, 1924, defendant company entered into a contract with one of its clients for the construction and maintenance of an electrical sign on the roof of said building"; that "the specifications for said sign were made to conform with the ordinances of the city......and......other regulations applying thereto"; and that the "bureau of building inspection, after

an examination of said plans and specifications and an inspection of the roof of said building, declined and refused to grant a permit for the erection......of said sign......for the reason that said roof was so defectively constructed and in such impaired condition that it did not have sufficient support thereunder......and by reason thereof was so weak that it would not and could not sustain the weight of said proposed sign"; that, after the refusal of the permit, defendant notified plaintiff of such refusal and requested the latter "to make the necessary repairs and alterations so as to strengthen and make safe said roof and make the same available for the erection and maintenance of an electrical sign thereon," which plaintiff refused to do, and, in consequence of such refusal, defendant has "at no time been able to use said roof for the erection [or] maintenance of electrical signs for his clients, as provided for under the terms of said lease." All of which facts defendant contends, in its affidavit of defense, show a failure of consideration to the value of the privilege of using the roof for electric signs, which it alleges is "equal to at least fifty per cent of the total value of the advertising privileges granted under said lease."

The only averment as to an understanding between plaintiff and defendant concerning the character of signs to be erected, is the allegation in the affidavit of defense that, "Prior to and at the time of the execution of said lease, said roof was not available for use of erecting and maintaining thereon any electrical sign or signs, in that the roof was so weak and defectively constructed ......that it could not carry or sustain the weight of an electrical sign, such as was contemplated and understood between plaintiff company and defendant company." This is entirely too vague, since it fails to state what weight or character of electric sign "was contemplated and understood" between the parties; and it does not follow, as the averment assumes, that, because the roof would not sustain the particular sign which de-

fendant endeavored to place thereon, it was not available for "any electrical sign." As a matter of fact, the affidavit of defense itself shows that a sign of some description was erected on the roof by defendant and is still there. On a rule for judgment, "an affidavit of defense is to be taken most strongly against the defendant, for it is to be presumed that he has made it as favorable to himself as his conscience would allow": Feather v. Hustead, 254 Pa. 357, 361, and cases there cited.

In disposing of the other points indicated by the affidavit, we call attention to the fact that the twenty-second paragraph of the lease provides that "lessee shall at all times have access to the demised premises," and also that the eighth paragraph, as already recited, provides that "lessee shall, at its own cost and expense, comply with all rules, orders, ordinances and regulations of the city" in relation to the erection of signs on the roof of the leased building. Plaintiff, in its brief, construes the above provisions as conferring on defendant "the right of entry......[and]........access to the interior of the building," and there is no averment in the affidavit of defense that such right of entry, to strengthen the roof or for other purposes, was ever denied to defendant by plaintiff.

Under the law of Pennsylvania, it is well settled that there is no implied warranty between landlord and tenant that demised premises are suitable for the purposes for which they are leased (Moore v. Weber, 71 Pa. 429, 432; Wood v. Carson, 257 Pa. 522, 528; Levin v. Phila., 277 Pa. 560, 564), and this is particularly true in a case like the present, where the lessee, as a specialist in its line, must be assumed to know exactly what is required, while the lessor would probably lack such knowledge. Defendant contends, however, that, since a circular letter sent out by the Federal Factories Co. (not the plaintiff) and received by defendant along with other prospective lessees, contained a notice to the effect that space for a sign on the roof of the building was "avail-

able for immediate use," this circumstance amounts to a warranty that the roof would support such electric signs as a lessee might see fit to place thereon, and takes the present case out of the rule of the authorities last cited; but we cannot so read the communication. In the first place, the circular was not issued by plaintiff company but by another corporation which, according to the affidavit of defense, "owns and controls all, or substantially all," of the capital stock of the former. While there is no averment in the affidavit explaining what is meant by the phrase "substantially all of the capital stock," or alleging that plaintiff authorized the issuance of the circular in question, we shall pass these possible shortcomings and treat the case as though plaintiff itself had sent out the circular; but, even so, we cannot put upon the part of this communication called to our attention by defendant the construction it would have us adopt. The part to which we refer reads in full as follows: "Space for sign on roof of Federal Factories warehouse (pictured above) is available for immediate use," and right above these words appears a cut of the building. It will be noticed that the statement just quoted is to the effect that space on the roof "is available for immediate use," and this certainly does not amount to a warranty that the roof will hold any sort or kind of an electric sign which a lessee might desire to erect on it. There is nothing in the circular to make inapplicable the usual rule that "the tenant takes the property subject to all existing defects which can be ascertained by inspection" (Levine v. McClenathan, 246 Pa. 374, 376; Levin v. Phila., 277 Pa. 560, 563), and there is no averment that defendant was denied a right to inspect the premises or that what it now claims to be defects therein were latent and not discoverable upon inspection; on the contrary, the affidavit of defense shows that the condition now complained of was immediately evident when the city authorities examined the building.

As already indicated, the statement to the effect that space on the roof for a sign was available for immediate use, did not have the force of a warranty that the roof would support any weight of sign which might be placed thereon. What we have said in this connection shows that such a statement, of itself, cannot be treated as a fraudulent representation (Jackman v. Davis, 256 Pa. 215, 224), and the affidavit of defense contains no averment of. deception or subterfuge practiced on defendant in making the contract of lease, unless the general allegations as to the sending out of the circular, concerning its contents, and relating to plaintiff's knowledge of the true condition of the roof, can be thus designated; but we are of opinion that these averments indicate no fraudulent conduct on plaintiff's part and that they are entirely insufficient to sustain defendant's general allegations of misrepresentation.

Under circumstances such as those indicated by the present affidavit of defense, where opportunity for inspection existed, which was neither impeded nor denied, a simple statement like the one under discussion, that the premises offered for rent are immediately available for a designated purpose, amounts to no more than a declaration that the property is ready to be employed for particular uses within the specified general field covered by the denominated purpose, to such an extent as the premises may prove capable of upon inspection, and a statement of this kind is not properly construable either as a warranty or representation that the property is adapted to every conceivable use within the named field,—otherwise a building offered for electrical advertising purposes would have to be capable of bearing structures of any weight that a lessee might see fit to place upon it, which, in the absence of a particular agreement to that effect, would be an unreasonable stipulation.

If, however, the notice we have been discussing could be classed as a misrepresentation, defendant would have

no right to complain on that ground at this time, for the
affidavit of defense shows that, although defendant was
informed on March 15, 1924, of the alleged defects in the
leased premises, yet it retained possession of the prop-
erty and paid rent in full up to and including the month
of April, 1925, that is, for a period of more than one year
after learning the condition of which it now complains.
In Spaulding v. Justice, 68 Pa. Superior Ct. 133, 138,
Judge KEPHART (then in the Superior Court, now Mr.
Justice KEPHART of this court) states the principle
which applies to such a situation. The Spaulding Case
holds that, in an action for rent, one who has lived in a
property for upwards of a year, and paid rent therefor
during that period, is not in a position to allege, as a
defense to the payment of further rent, fraudulent rep-
resentations concerning the condition of the property
when he leased it. The opinion states: "He [the de-
fendant] cannot occupy and enjoy the possession and
pay the rent for a period of time and then set up as a
defense to an action for rent......that he was induced
to enter into the contract by false representations......;
by paying the rent he was estopped from asserting the
representation...... The mere complaint to the land-
lord as to the condition of the premises will not avail;
[the tenant] must do some positive act in disaffirmance
of his contract." This latter requirement is not met by
the averment in the present supplemental affidavit of
defense that "in February and March, 1926, and prior
thereto," defendant company "offered to surrender to
plaintiff company the said lease," etc.; such an aver-
ment is entirely too vague as to the time and circum-
stances of the offer to avail against plaintiff's rule for
judgment. We may add, the argument now made by
defendant, that it could not surrender the lease because
of outstanding contracts with its clients for display
signs, is also too indefinite to be given consideration;
moreover, this last-mentioned point is not sustained by

the averment of any facts in either the affidavit or supplemental affidavit of defense.

Wolfe v. Arrott, 109 Pa. 473, relied on by defendant, does not control the present case; it is amply distinguished in Wood v. Carson, 257 Pa. 522, 527, and what is said there applies here. The other cases cited by appellant need no special mention; suffice it to say, all of them are readily distinguishable from the case before us.

The judgment is affirmed.