## Commonwealth *v.* Berardino, Appellant.

Argued January 5, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

404

*Charles J. Margiotti,* with him *W. M. Gillespie, S. C. Pugliese, Edward Friedman, Edward G. Coll* and *Chas. P. Walter,* for appellant.

*Earl R. Jackson,* Assistant District Attorney, with him *Andrew T. Park,* District Attorney, for appellee.

PER CURIAM, January 26, 1931:

Appellant was indicted in the Court of Quarter Sessions of Allegheny County for felonious assault and battery. At trial, the Commonwealth having failed to show bodily injury inflicted by defendant, the case was submitted to the jury on the question of an attempt to commit a felonious assault. A verdict of guilty of attempted felonious assault and battery was rendered. Defendant on his appeal to the Superior Court and to this court assigns an alleged omission in the charge of the court of quarter sessions as error.

The record discloses that, in the evening of August 26, 1928, John C. Cancelliere, accompanied by his sister, Mrs. Berardino, wife of defendant, and by a friend, Mrs. Finelli, was driving an automobile in Collins Avenue in the City of Pittsburgh; that he was followed by a car driven by defendant in such manner as to crowd the Cancelliere car against the curb and toward a fifty foot embankment. As defendant approached the Cancelliere car, he shouted epithets and vile accusations at his wife. Cancelliere stopped his car, backed away from the sidewalk and proceeded on his way, pursued by Berardino. At Hoeveler Street, the next intersecting thoroughfare, Cancelliere turned from Collins Avenue, followed by

Berardino, who ignored traffic rules and a beacon signal and crashed into the side of the Cancelliere car. The automobile was damaged but none of the occupants injured. As he drove his car into Cancelliere's, Berardino called to the former, "You get out of that car and I'll kill you and the whole family, too." There was also evidence that defendant had threatened to "get" Cancelliere on previous occasions. No defense was offered. A general exception was taken to the charge, and it is now urged that the trial judge erred in that he used the expression "intent to kill," rather than "intent to commit murder," in instructing the jury on the law regarding felonious assault and battery or attempted felonious assault and battery. In the use of the language complained of, an intent to kill was tantamount to an intent to commit murder; no mitigating circumstances were suggested; in addition to this, however, the trial judge stated in beginning his charge that defendant was indicted for felonious assault and battery "with the intent to commit murder." As said by the Superior Court, Com. v. Berardino, 100 Pa. Superior Ct. 58, 63, "the submission of the question whether he intended to kill one of the occupants of the car was equivalent to the submission of the question whether he intended to commit murder." A careful examination of the record fails to reveal error.

The judgment of the Superior Court is affirmed and the record is ordered returned to the Court of Quarter Sessions of Allegheny County for the purpose of execution of the sentence imposed.