## Peoples-Pittsburgh Trust Co. *v.* B. P. Dunn Home Site Co. (et al., Appellants).

316

Argued March 29, 1933. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John Duggan, Jr.,* with him *Charles Nussbaum,* for appellants.

*James M. Graham,* with him *Patterson, Crawford, Arensberg & Dunn,* for appellee, was not heard.

PER CURIAM, May 1, 1933:

In this foreclosure proceeding, the lower court entered judgment for plaintiff for want of a sufficient affidavit of defense to a sci. fa. sur mortgage. The terre-tenants appealed.

The mortgaged property, originally a large tract of land, was subsequently divided into sixty-eight separate lots, two of which were sold by the Dunn Home Site Company, mortgagor, to appellants. The latter contend that, at the time the mortgage was executed, a parol agreement was entered into by an agent of the mortgagee with a person named, whom the court below assumed to be

an agent of the mortgagor, to release the separate lots from the lien of the mortgage upon payment of a specified amount for each lot, and that, appellants having tendered plaintiff the amount agreed upon for the lots purchased by them, judgment should be entered in their favor. It is stated, however, in appellants' brief, that no allegations of fraud, accident or mistake appear to show why the oral agreement was omitted from the mortgage.

Under the rules laid down for such cases and discussed at length in Gianni v. Russell & Co., Inc., 281 Pa. 320, and Speier v. Michelson, 303 Pa. 66, and followed in many subsequent cases, parol agreements are inadmissible to change or modify the terms of the written instrument where, as here, the latter appears to be "compléte within itself" and the oral agreement comes "within the field embraced by the written one." Accordingly, the court below properly made absolute the rule for judgment for want of a sufficient affidavit of defense.

The judgment of the court below is affirmed.