Ferrainolo *v.* Locker et ux., Appellants.

Argued May 4, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Benj. C. Sigal* of *Shapiro & Sigal,* for appellant.

*Paul T. Negley* of *Negley and Negley,* for appellee.

Opinion by Stadtfeld, J., July 14, 1933:

The parties were landlord and tenant. The judgment was entered on a lease bearing date March 21, 1931, for a certain brick dwelling known as 709 Montclair Street, Pittsburgh, for the term of one year commencing on May 1, 1931, at a rental of $65 per month, with a rebate of $5 for payment on or before the 10th of each month. The defendants had been occupying the premises under a prior lease expiring on April 30, 1931. Defendants removed from the premises May 1, 1931.

Defendants having failed to pay the rental accruing under the new lease, plaintiff caused judgment to be entered against them on July 1, 1931 in the sum of $775, covering debt $725 and attorney's commission, $50 or a total of $775.

On February 15, 1932, defendants presented a petition to have the judgment opened, averring that plaintiff and defendants had agreed verbally after the lease was signed that the same was not to be binding on the parties thereto, and that the plaintiff had verbally agreed on March 22, 1931 to release the defendants from said lease.

Depositions were taken ex parte plaintiff and defendants. The court, after argument, in an opinion by MacFarlane, J., on September 21, 1932, discharged the rule to open judgment. From that order this appeal is taken.

Appellants base their contention on two grounds, (1) that they have produced sufficient testimony to justify the opening of the judgment, and (2) that the lease upon which the judgment was entered does not contain an acceleration clause authorizing the entering of judgment for the full amount due in the future upon default in payment of installments of rent due.

In regard to the second reason we may state that this question was not raised in the court below, nor has it been made the subject of an assignment of error. This, without more, would dispose of the question. Nevertheless we have examined the lease and find that there is no merit in this contention. The lease provides in one paragraph, inter alia, ''that if the said tenant shall default in the payment of any installment of rent ...... as the same becomes due and payable, ...... then and in such case the said entire rent for the balance of the said term shall, at the option of the lessor, at once become due and payable as if by the terms of this lease it were payable in advance; ......'' In another paragraph it provides, inter alia, that on every default in payment of rent judgment may be confessed against the tenant for the sum due by reason of said default, with costs and attorney's commission of $50 for collection. Defendants admit-

tedly being in default in the payment of the installments of rent due at the time, the entire rent at once became due and payable under the terms of the lease, and judgment was properly entered.

As to the contention that there was sufficient evidence to justify the opening of the judgment, such an application is an appeal to the equitable power of the court, and the petitioner must make out a case which would justify a chancellor in entering the decree prayed for: Kline v. Fitzgerald Bros., 267 Pa. 468. The question for us to determine is whether there has been a rightful exercise of the discretion lodged in the lower court: Kaier v. O'Brien, 202 Pa. 153; Warren Sav. Bk. Co. v. Foley, 294 Pa. 176; Volkmar v. Vladi, 95 Pa. Superior Ct. 420.

Defendants in their depositions contend that at the time of the signing of the new lease, plaintiff agreed to release the defendants from the lease if the defendants found another house in a location near to a synagogue and school, and that the plaintiff requested the signing of the lease as the defendant was absent from the city frequently and it was difficult to get him; that they did secure another place and informed plaintiff who released them. There was no averment of fraud, accident or mistake, to account for the absence of such provision in the lease. The conversation prior to and at the time of the execution of the lease is not competent evidence and would not warrant the opening of the judgment. Gianni v. Russell & Co., 281 Pa. 320.

The other contention of defendant, Irving Locker, according to his depositions, is that when he secured another house he told plaintiff who said "Yes, I release you. You know what I told you, if you got something before that time I will release you." Another witness, Israel Ginsberg, said that he was sitting on his porch, next to Locker's porch, and heard Locker

say to plaintiff, "Will you release me" and he said "Yes, I will release you." Other persons were mentioned as being present but were not called, the explanation given in the case of one was that she was under the care of a doctor. Plaintiff's testimony is that he never released the defendants but, on the contrary, refused to release them; that he did say that if they could get a responsible party to sub-let that he would agree to their sub-letting.

The testimony of Ginsberg is apparently only to the end of the conversation as plaintiff and Irving Locker came out of the door of the latter's residence. It was not sufficiently definite to warrant the court in concluding that it related to the part of the conversation concerning the absolute release from liability.

We can not say, upon a consideration of the entire evidence, that there was an abuse of discretion in refusing to open the judgment. That is the limit of our inquiry.

The assignments of error are overruled and the order of the lower court affirmed.