## C. I. T. Corporation v. Grosick et al.

Argued May 8, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Frederic W. Miller,* for appellant.

*Abraham Pervin,* and with him *Louis Caplan* of Sachs & Caplan, for appellee.

Opinion by James, J., July 14, 1933:

This is an appeal from a judgment entered for want of a sufficient affidavit of defense as to the Manchester Auto and Machine Company, intervening defendant.

Plaintiff, C. I. T. Corporation, filed its action in replevin against A. J. Grosick for an automobile truck, basing its action upon a bailment lease dated January 13, 1930. The lease shows that the Manchester Auto and Machine Company, former owners, leased the truck to A. J. Grosick and on the same day assigned their interest to the plaintiff. A copy of the lease and assignment are attached to the declaration. A. J. Grosick became delinquent in the payment of the monthly rentals and the action was commenced. Upon service of the writ by the sheriff, the Manchester Auto and Machine Company filed a petition to intervene as a party defendant, which was allowed, and the intervening defendant filed a counter bond and an affidavit of defense, which affidavit of defense was declared insufficient, but no judgment was entered for the reason that the declaration was insufficient in that it laid a claim for rentals instead of for the value of the truck involved. Plaintiff amended its declaration and the Manchester Auto and Machine Company, intervening defendant, filed a supplemental affidavit of defense which attempted to correct some of the deficiencies in the first affidavit but as a whole presented the same reasons against the judgment as set forth in the first affidavit of defense. The affidavit of defense sets up the following reasons which will be considered in their order:

1. That the written agreement of lease and assignment attached to the declaration do not constitute the entire contract and that the negotiable promissory note of A. J. Grosick in the sum of $4,307.50 payable to the Manchester Auto and Machine Company, or order, in eighteen equal and consecutive monthly payments of $239.31, endorsed by the intervening defendant, was originally attached to the lease.

2. That there was also delivered by the plaintiff to the defendant at the time of the assignment by this

defendant to the plaintiff of the said bailment lease, a certain memorandum or acknowledgment showing a retention by the plaintiff of $430.75 out of the face value of the rentals secured by the said bailment contract which the plaintiff was to pay to this defendant when the full amount of the rentals had been collected; that no part of this sum has been paid to this defendant by the plaintiff and the averment in the statement of claim that the plaintiff had paid the defendant for this truck is, therefore, untrue.

3. That at the time of the endorsement and assignment by the defendant to the plaintiff, it was expressly understood and agreed by and between the plaintiff and this defendant, represented by the officers of said companies, at and before the time the said bailment contract was assigned to the plaintiff and the said promissory note endorsed by this defendant to the plaintiff and the said agreement made with regard to retention and reserve, that in order that this defendant might be protected as to its liability as endorser as aforesaid, and also to its claim to said retention or reserve, the plaintiff would not in case of any default or defaults under said bailment contract, take possession, either by its own act or by legal proceedings, of said truck, without giving this defendant reasonable notice of its intention so to do, and, after taking possession thereof, after such notice, it would immediately turn the same over to this defendant and allow it to retain possession thereof for a period of sixty days, so as to enable this defendant to protect its interests by enforcing the payment of arrearages of rental or otherwise; that the defendant relied upon this agreement and that said assignment or endorsement would not have been made if the stipulation and agreement had not been entered into, and that the plaintiff, in violation of said stipulation and in fraud of the defendant, replevied said truck without giving this de-

fendant any notice whatever of its intention so to do, . . . . . . . and failed to put this defendant in possession thereof for a period of sixty days.

In the declaration filed, we find positive averments by the plaintiff of its title, a copy of the instrument upon which its title is based, default by the defendant Grosick under the instrument, its right of immediate possession, and that the property was detained and withheld from the plaintiff. These positive averments of title, the right of immediate possession and the unlawful detention establish a prima facie right in the plaintiff, and the intervening defendant must show in its affidavit of defense sufficient facts to justify its retention of the property: Drumgoole v. Lyle, 30 Pa. Superior Ct. 463, 467; Riccardi Motor Car Co. Inc. v. Weinstein, 98 Pa. Superior Ct. 41, 46.

Having established a prima facie case, we must now turn to the affidavit of defense to determine whether it is sufficient to prevent judgment and we will discuss the matter in the order which is shown in the affidavit of defense.

1. The intervening defendant does not state what effect the note has upon plaintiff's title, nor does it set forth any fact which would give any information that has any bearing upon the intervening defendant's title or right of possession. It simply states that there was a note and that it is not attached to plaintiff's declaration. Clearly, the plaintiff does not need the note to show a prima facie title in itself. If it has any bearing whatever, we find no statement of fact in the affidavit of defense which would throw any light on the subject. This being an action of replevin, the issue between the parties is the determination of the question of title to the truck or to its immediate right of possession but there is no averment that the note in question has any bearing at all upon the title either of the plaintiff or of the intervening defendant, nor is there any

averment that the note would be of any assistance in showing the intervening defendant's right to the possession of the truck. The lease itself expressly provides: "I or we agree that if this lease and/or note be transferred to C. I. T. Corporation, all payments shall be made to it absolutely, lessee waiving all rights now or hereafter existing in his favor against lessor to make any defense, ...... to any demand or action brought to recover payments due under this lease ......; and it is further agreed that, if any installment of rent reserved hereby shall become due ...... and remain unpaid in whole or in part, ...... the entire unpaid balance of said rent, notwithstanding the tenor and effect of the said note, shall at once become due and payable forthwith, and you may without out previous notice or demand, and without legal process, enter ...... and take possession thereof ......" Plaintiff rests its title upon the lease, assignment, ownership of the truck, and payment by it to the intervening defendant for title to the truck. This action is not based at all upon the notes and it was not necessary that a copy of the note be attached to plaintiff's declaration.

2. The second reason set forth in the affidavit of defense is in the nature of a set-off and has no bearing upon the question of title or right of possession, the only contention being that $430.75 was to be paid by plaintiff to defendant when the full amount of the rental had been collected, and from the present state of the record we are not informed as to whether the rentals have been collected. The memorandum sheds no light whatsoever upon the question of title and even if it were true that under the arrangement set forth in the second paragraph that defendant was entitled to the sum of $430.75, it is not a good defense in this action as it has been repeatedly held that a set-off can not be asserted in a replevin action. "Replevin is in

form an action ex delicto and in such action the defendant can not avail himself of a defense in the nature of a set-off, for the reason that the demand is uncertain in its nature, and the fact that the plaintiff is indebted to the defendant is no justification for a tortious act." General Motors Truck Co. v. Phila. Paving Co., 248 Pa. 499. A set-off is not admissible in an action of replevin: Hall's Safe Co. v. Walenk, 42 Pa. Superior Ct. 576; Guernsey v. Moon, 46 Pa. Superior Ct. 645; National Cash Register Co. v. Cochran, 22 Pa. Superior Ct. 582; Lee-Strauss Co. v. Kelly, 292 Pa. 403. The second reason assigned is not sufficient to prevent judgment.

3. The third reason attempts to set up as a defense the breach of an oral agreement alleged to have been made contemporaneously with the written contract and as an inducement to the same. There is no averment that the terms of the alleged contemporaneous oral agreement were omitted from the written contract by fraud, accident or mistake. Under the written lease and assignment, plaintiff is entitled to possession of the truck upon default in the payment of rentals and to sell or lease the truck and to collect the balance of its claim from the intervening defendant if it had not been made whole by sale or re-leasing of the truck. In the assignment of the lease by the intervening defendant to plaintiff, the intervening defendant transferred to plaintiff "all right, title and interest in and to the property therein described (i. e., in the lease) and all rights and remedies under said contract, including the right either in assignee's own behalf or in undersigned's name (Manchester Auto and Machine Company) to take all such legal or other proceedings as undersigned might have taken save for this assignment." The assignment further states: "The undersigned warrants ...... that the undersigned has no knowledge of any facts which impair the validity of

said instrument or render it less valuable.'' It seems to us to be clear that this alleged oral agreement is an absolute contradiction of the written lease and assignment since it would require plaintiff to relinquish the rights which it has been given in the lease and assignment; it renders the assignment absolutely ineffective because it calls for a surrender of plaintiff's security to defendant without any protection to plaintiff and if carried into effect would deprive plaintiff completely of the written agreement. In addition, if the truck were delivered by virtue of the oral agreement for the period of sixty days, there is no provision for the return of the truck to the plaintiff nor anything to show how the intervening defendant could collect arrearages of rental and there is no requirement that the defendant should pay the amount due to the plaintiff before the surrender of the truck which was plaintiff's security. This oral agreement would be a direct repudiation of the plain and clear language of the assignment in which the intervening defendant certifies that it has no knowledge of any facts which impair the validity of the instrument which it assigned to plaintiff, so that what it attempts to do in its averment of an oral agreement is to destroy the warranty in the assignment. The rule asserted by defendant has been provocative of a great many decisions in our courts but of recent date the Supreme Court has asserted that it ."proposes to stand for the integrity of written contracts.''

Where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement. If a writing and an alleged oral agreement relate to the same subject matter, and are so interrelated that both would be executed at the same time, and in the same contract, the scope of the subsidiary agreement must be taken

to be covered by the written agreement. In deciding whether a certain subject was intended to be embodied in the writing, the chief and most satisfactory index is found in the circumstances whether or not the particular element is dealt with at all in the writing. If such element is covered or dealt with in the writing, then presumably the writing was meant to represent all of the transaction on that element: Gianni v. Russell & Co. Inc., 281 Pa. 320. The above principle is reiterated and upheld in Speier v. Michelson, 303 Pa. 66, and by the Supreme Court in the recent cases of Peoples-Pittsburgh Trust Co. v. B. P. Dunn Home Site Co., 311 Pa. 315, and The Architectural Tile Co. v. John McSorley, 311 Pa. 299. In view of the above later decisions by the Supreme Court, we are convinced that the earlier authorities cited by appellant are not controlling.

The facts as set forth in the affidavit of defense clearly are embodied within the original agreement and amount not merely to an alteration of the instrument but to a contradiction and nullification. In view of the above, we believe the court below committed no error in directing judgment for want of a sufficient affidavit of defense. Judgment affirmed.