## Nelly *v.* Diskin, Appellant.

Argued April 19, 1934.

Before Trexler, P. J., Keller, Baldrige, Stadtfeld, Parker and James, JJ.

*Lewis C. Walkinshaw,* for appellant.

*J. Regis Byrne,* for appellee.

OPINION BY JAMES, J., July 13, 1934:

Appellee, F. J. Nelly, entered an amicable action and confession of judgment in ejectment on May 10, 1932 for certain premises in Scottdale against the appellant, Thomas J. Diskin. The judgment, in the amount of $200, plus attorney's fees and costs, was entered by virtue of a warrant of attorney contained in a written lease between the parties, for the term of five years from November 1, 1929 at a rental of $25 per month.

Appellant petitioned to open the judgment alleging that there was no default in the payments of rent, setting up certain credits for repairs to the premises amounting to $269.67 and claiming credit therefor on account of rent by reason of an averment that at the time of the execution of said lease the lessor orally agreed that as a part of the consideration of the said rental and on account of the payment thereof the lessee should make the said repairs and be credited with the same on the rental.

The case was referred three times to a commissioner who filed a report each time recommending the dismissal of the rule to open the judgment. At the first and second hearings, the appellant failed to appear either in person or by counsel but did appear on the

third reference at which testimony was taken by both parties, after which a report was filed recommending that the rule be dismissed. Exceptions were filed to the report which were later dismissed by the court and the rule discharged, from which order this appeal was taken.

Appellant, a real estate agent, testified that he went into possession of the premises about ten days before the written lease was executed and during that time the oral assurance was given to him by the appellee that the repair work on the building was to be applied as a portion of the rent and that at the time of the execution of the lease appellant insisted on the oral agreement being put in but was assured by appellee's attorney that he would have no trouble getting the rent for the repairs he was making. The written lease was submitted to appellant and at the time of the execution thereof the appellant, the appellee and the appellee's attorney went over the lease paragraph by paragraph and a number of parts of the written lease were stricken out at the suggestion of the appellant, but no mention was made in the written lease as to the allowance of the repairs for the payment of rent. The testimony which the appellant submitted in corroboration of his story is very indefinite and does not measure up to a direct confirmation of his testimony. From November 1, 1929 until August 15, 1931, the regular monthly rental as stipulated in the lease was paid without any allowance having been made by the appellee for the repairs. Appellee denies that he ever entered into an agreement with the appellant concerning said repairs and positively denies anything was said about the same at the time the lease was entered into and that at no time did the appellant make any claim for any credit for the repairs until it was made in the petition to open the judgment. Appellee's attorney testified there was no oral agreement at the

time of the execution of the lease. The court below found that sufficient credible testimony had not been offered as to the existence of the alleged parol agreement.

The appellant is faced with two situations which must necessarily defeat his appeal. First, that there has been no abuse of discretion in dismissing the rule; and, second, that the parol evidence was inadmissible and incompetent to vary the terms of the written lease.

" . . . . . . In determining whether or not a judgment should be opened, the court below is required to weigh the evidence of both parties, consider the credibility of the witnesses, give due effect to writings which can not be subject to bias or forgetfulness, and, in the exercise of a sound discretion, decide, as a chancellor, whether or not, in equity and good conscience, defendant has a just defense to the note or bond on which the judgment was entered; and this court, on appeal, will reverse only if an abuse of discretion is shown: Jenkintown National Bank's Ap., 124 Pa. 337; Cruzan v. Hutchison, 210 Pa. 88; Wolfgang v. Shirley, 239 Pa. 408; Wright v. Linhart, 243 Pa. 221; Stewart v. Stewart, 246 Pa. 344; Johnson v. Nippert, 286 Pa. 175; Reidlinger v. Cameron, 287 Pa. 24; Hale v. Uhl, 293 Pa. 454, 457.'' Warren Sav. Bk. & Tr. Co. v. Foley, 294 Pa. 176, 184, 144 A. 84.

Under the facts of this case, in view of the positive contradictions, with the weight of the testimony being in favor of the appellee, we can not conclude that an abuse of discretion has been shown.

Further, assuming that the oral agreement could have been proven by conclusive evidence, it could not affect this lease without an averment in the pleadings that it had been omitted from the writing through fraud, accident or mistake.

Where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law

declares the writing to be not only the best, but the only, evidence of their agreement. If a writing and an alleged oral agreement relate to the same subject-matter, and are so interrelated that both would be executed at the same time, and in the same contract, the scope of the subsidiary agreement must be taken to be covered by the written agreement. In deciding whether a certain subject was intended to be embodied in the writing, the chief and most satisfactory index is found in the circumstances whether or not the particular element is dealt with at all in the writing. If such element is covered or dealt with in the writing, then presumably the writing was meant to represent all of the transaction on that element: Gianni v. Russell & Co. Inc., 281 Pa. 320, 126 A. 791. The above principle is reiterated and upheld in Speier v. Michelson, 303 Pa. 66, 154 A. 127, and in the recent cases of Peoples-Pittsburgh Trust Co. v. B. P. Dunn Home Site Co., 311 Pa. 315, 166 A. 844, and Architectural Tile Co. v. McSorley, 311 Pa. 299, 166 A. 913. See also C. I. T. Corp. v. Grosick, 110 Pa. Superior Ct. 165, 167 A. 440.

The oral agreement as alleged by the appellant relates to a matter that was clearly embodied and dealt with in the lease itself, and in the absence of fraud, accident or mistake, could not be used to vary the terms of the lease.

The order is affirmed.