Ricci, Appellant, *v.* Pelino et al.

Argued May 2, 1934. Before
Trexler, P. J., Keller, Cunningham, Baldrige, Stadt-
feld, Parker and James, JJ.

*F. J. Lagorio,* and with him *John F. Gloeckner,* for appellant.

*George Raskin,* for appellee.

OPINION BY JAMES, J., July 13, 1934:

This is an appeal from the judgment of the court of common pleas of Allegheny County making absolute a rule for judgment for want of a sufficient reply in an action of replevin. The procedure is based on Rule 139 of that court relating to actions of replevin, which rule is as follows:

"When the defendant in an action of replevin claims a lien on the property and not ownership of it, or has distrained the same for rent, he shall set forth in his affidavit of defense the particulars of his claim, and the plaintiff shall, within fifteen days after notice of the filing of such an affidavit of defense, file his answer thereto, called "Plaintiff's Reply," in which he shall reply specifically to the averments of the defendant's affidavit of defense, and on the trial the evidence shall be confined to the matters contained in the several affidavits of the parties.

"In case the plaintiff shall fail to file such reply, judgment may be entered against him in default by the court on motion for the amount of defendant's claim in like manner as upon a verdict for defendant fixing the amount due him upon his lien, or for rent in arrear, of which motion plaintiff shall have five days' notice. When a reply is filed the defendant, if

he deems it insufficient, may take a rule on the plaintiff to show cause why judgment should not be entered against him in like manner for want of a sufficient reply."

This rule is authorized under Section 12 of the Act of April 19, 1901, P. L. 88, relating to replevin and regulating the practice where a writ of replevin is issued, which provides: "The courts of common pleas may make general rules governing the proceedings under this act, not inconsistent herewith." In Katz v. Wagoner, 92 Pa. Superior Ct. 363, a similar rule of the court of common pleas of Philadelphia County was sustained. See Derbyshire Brothers v. McManamy, 101 Pa. Superior Ct. 514.

Plaintiff issued a writ of replevin for certain goods upon premises occupied by him which had been levied upon by virtue of a landlord's warrant for rent in the sum of $540 for the year 1933, together with an unpaid balance of $80 for 1932. Plaintiff filed a statement averring ownership of the goods and the unlawful seizure, to which the defendant filed his affidavit of defense averring that plaintiff had defaulted in the payment of rent under a written lease dated April 19, 1933 for the term of one year from May 1, 1933, for "the following described premises, in the condition in which the same now are, (reasonable wear and tear until the commencement of the term excepted,) viz: All that certain storeroom and two rooms in rear, on first floor, together with basement, in the building situate and known as No. 23 Magee Street, Pittsburgh, Pa., and now occupied by lessee." The lease also contained the following covenant: "And it is further covenanted and agreed that the lessor shall not be liable or responsible to the tenant for any loss or damage sustained by the tenant by reason of the leaking of water or gas, or by reason of any defects in the building."

Plaintiff filed a reply in which he admitted the lease as shown by the affidavit of defense but averred: "However, the plaintiff avers that he signed the aforesaid lease under a specific parol agreement with the defendant and her agent, Victor Pelino, to the effect that the landlord was to make repairs to the said premises, and to make said premises fit for the purposes for which said premises were let, and the agreement was made before and at the time of the execution of said lease by the plaintiff and defendants, and the said agreement to repair was the very cause for its execution by the said plaintiff, and that without said agreement on the part of the landlord defendant, the said plaintiff would not have signed said lease." Plaintiff further averred that the defendant failed to make any repairs in consequence of which he sustained damages to the amount $110 to his stock and fixtures by reason of rain coming through the roof, water leaking and seeping through the ceiling from the upper stories, and that by reason of the condition of the premises he was evicted by the landlord from the premises. The reply contained no averment of any fraud, accident or mistake.

Appellant has set up an alleged contemporaneous oral agreement concerning an element which is fully dealt with in the written lease and under recent decisions of this court and the Supreme Court such an element can not be set up as a defense to the written agreement. See Gianni v. Russell & Co., Inc., 281 Pa. 320, 126 A. 791; Speier v. Michelson, 303 Pa. 66, 154 A. 127; Hein v. Fetzer, 301 Pa. 403, 153 A. 687; Kull v. General Motors Truck Co., 311 Pa. 580, 166 A. 562; Peoples-Pittsburgh Trust Co. v. Dunn Home Site Co., 311 Pa. 315, 166 A. 844; Ferrainolo v. Locker, 110 Pa. Superior Ct. 128, 167 A. 651; C. I. T. Corp. v. Grosick, 110 Pa. Superior Ct. 165, 167 A. 440.

Judgment affirmed.