Johnstown Millwork and Lumber Company, Appellant, v. Varner.

Argued October 29, 1934.

Before TREXLER, P. J., KELLER, CUNNING-HAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Russell R. Yost,* of *Graham, Yost & Meyers,* for appellant.

*Friedjoff D. Tappert,* for appellee.

OPINION BY JAMES, J., March 5, 1935:

On January 1, 1932, the Johnstown Millwork & Lumber Company leased to Walter D. Varner certain premises in the City of Johnstown on which were erected an office building, mill and dry-kiln, lumber sheds and a garage. On June 22, 1933, by virtue of the power of attorney authorizing confession of judgment, judgment was entered for the sum of $73.33, balance of rent for the months of March, April and May of 1933. On defendant's petition to open the judgment, a rule was granted which plaintiff moved to dismiss for the reason that the petition did not contain any averments which would entitle the defendant to have the judgment opened. On August 6, 1934, defendant's rule to open was made absolute, from which order this appeal is taken.

No answer having been filed, we must assume that

the averments of the petition are true, from which petition the following facts may be gathered: The plaintiff, a corporation, was organized in 1905, and conducted a wholesale and retail lumber business and operated a lumber yard and planing mill on the premises described in the lease. Two-thirds of the stock of the corporation was and is still owned by Lemon L. Smith one-third by Walter D. Varner, the lessee herein. On December 21, 1922, the plaintiff corporation transferred all the buildings, machinery and other assets of the corporation, except the real estate, to Lemon L. Smith and Walter D. Varner and leased to them the real estate. Thereafter, the lumber business was conducted by Smith and Varner, as co-partners, under the name of Smith & Varner until January 1, 1932, when the partnership was dissolved; the defendant purchased outright the stock, furniture, fixtures and autos, and the defendant entered into a lease with the plaintiff corporation for the premises, at which time the machinery, buildings and plant were in a bad state of repair. The lease was for a period of one year with the privilege of renewal from year to year not exceeding fifteen years. Before and at the time of the execution of the lease, it was understood between the president of the plaintiff corporation and defendant that the latter would not replace, rebuild, restore or repair, at his expense, any machinery, equipment or buildings which were worn out in the course of the ordinary operations of the plant and machinery formerly used by the plaintiff corporation and the partnership, and that the defendant agreed only to do ordinary repairs and keep the premises in repairs so as to maintain them in same condition at which they were at the time of the execution of the lease, reasonable use and wear and damage and destruction by fire or act of God excepted. The defendant conducted the lumber business on the premises

mentioned in the lease. On or about the 25th day of January, 1933, the moulder machine in the lumber mill broke down completely from ordinary use and wear and it was necessary to put the machine in order. Without notifying the lessor or its president, defendant proceeded to put the moulder machine in working order at an expense of $55.17; for other machines that had been worn out by ordinary use, wear and tear, the defendant expended the sum of $18.16, in order to put them in working order; that during this time the lessor through its president refused to make any repairs whatsoever in replacing or restoring worn out machinery. The lease provided that the lessee ......will maintain and keep the property in good repair as hereinafter more fully set forth, which latter clause is as follows: "(4) Lessee covenants and agrees that he will at his own cost, charge and expense keep the demised premises in repair so as to maintain them in the same condition in which they now are, reasonable use and wear and damage or destruction by fire or act of God excepted."

The averments of the petition which relate to the contemporaneous agreement entered into before and at the time of the execution of the lease constitute such a parol agreement as under the authority of Gianni v. Russell & Co. 281 Pa. 320, 126 A. 791 and reiterated in many other cases collected in Ricci v. Pelino 113 Pa. Superior Ct. 259, 262, 173 A. 825, could not be considered in passing upon the rights of the respective parties. The alleged oral agreement related to a subject matter that was dealt with in the written lease and, therefore, the lease must be considered as representing the entire agreement relating to the subject of repairs.

The court below was of the opinion, "That where a machine or a building, a part of the demised property, completely wears out from ordinary use, we

feel it is capital repair and that the expense involved in replacing or restoring it should be borne by the lessor and not the lessee.'' We cannot agree with this as we see no distinction between an ordinary and a capital repair as respects the duty of this lessor.

Conceding that it was not the duty of the lessee to repair the machinery if it broke down from ordinary use, wear and tear, yet in order that the duty of making the repairs be placed upon the lessor, the lease must contain a covenant to that effect. This rule with the authorities sustaining it, as set forth in opinion of Judge GAWTHROP in Graham v. Hay 81 Pa. Superior Ct. 595, 596 is as follows: ''At least since the decision by Mr. Justice SHARSWOOD in Moore v. Weber, 71 Pa. 429, 432, the rule in this State has been that 'the lessee's eyes are his bargain; he is bound to examine the premises he rents and secure himself by covenants to repair.' As stated by President Judge RICE in Davis v. Pierce, 52 Pa. Superior Ct. 615, 'in the absence of an express agreement there is no implied obligation on the landlord to repair demised premises, nor does he impliedly undertake that they are fit for the purposes for which they are rented.' '' This rule was approved in Wood v. Carson 257 Pa. 522, 101 A. 811; Federal Metal Bed Co. v. Alpha Sign Co., 289 Pa. 175, 180, 137 A. 189. Nowhere in the lease or even in the averments of the petition does it appear that the lessor agreed to make any repairs. Applying this rule to the averments of the petition, the court was in error in making the rule absolute.

We shall not discuss other questions raised by the petition to open, as they clearly relate to matters of internal management and control of the plaintiff corporation and the defendant having executed the lease, is bound thereby.

The order to open the judgment is reversed and the petition dismissed.