## Judson C. Burns, Inc., Appellant, v. Weinberg.

Argued October 4, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Edwin Booth,* for appellant.

*Maurice G. Weinberg,* with him *Bertram U. Weinberg,* for appellee.

OPINION BY PARKER, J., November 20, 1935:

This is an action in replevin brought to recover possession of an electric refrigerator and comes to us on an appeal by the plaintiff from an order of the court below refusing to enter judgment for want of a sufficient affidavit of defense.

Plaintiff alleged in its declaration that by written agreement dated August 27, 1931, copy of which was attached, it had leased the refrigerator in question to the defendant for a term of twenty-five months at a rental of $446.92, to be paid $25.00 at the signing of the agreement and the balance in monthly instalments of $17.58, beginning on October 1, 1931. The lease provided that if the total rent was promptly paid and all conditions of the lease were complied with, the defendant might purchase the refrigerator for one dollar. It further provided that in case of default possession might be taken by the plaintiff at any time. Plaintiff further alleged that payments were made to the amount of $341.44, covering instalments due up to and including March 1, 1933, but that no payments were made thereafter; that demand was made for possession of the refrigerator and refused; that defendant had filed a counter bond and taken possession of the refrigerator, the value of which was $225.

The defendant admitted execution of the written lease, the failure to pay the instalments, and possession of the chattel, but attempted to set up by way of defense three matters. She averred (1) that the transaction was, in fact, a sale and not a lease; (2) that the machine would not properly function; and (3) that the plaintiff had orally agreed with the defendant to a postponement of payments.

(1) Although the lease was in writing and in the usual form of instalment leases of personal property which have many times been approved by the appellate courts of this state, and defendant admits that she executed it, she assigns as a sole reason for disregarding the written contract, which was clear in its terms, the fact that the following notations were at the top of the lease: "Cash Price, $395.00. Carrying Charge, $51.92. Total Rental, $446.92. Advance Rent, $25.00. Balance Rent, $421.92." It must be remembered that no rights of creditors or innocent purchasers are here involved. Parties competent to contract entered into a bailment lease in a form which has been approved. There was no allegation of fraud, accident, or mistake in its execution, and defendant agreed upon the termination of the lease to surrender the chattel to the plaintiff. The mere fact that a notation at the top of the agreement indicated the manner in which the total amount of rent was fixed and the rendering of statements for the unpaid instalments of rent did not change the bailment into a conditional sale: Schmidt v. Bader, 284 Pa. 41, 130 A. 259. This branch of the defense is ruled by the case of General Motors A. C. v. Hartman, 114 Pa. Superior Ct. 544, 174 A. 795. We need not repeat what is so clearly set forth in the opinion in that case. Bearing in mind that in the case we are considering the interests of third parties are not involved, there is an additional reason for holding that this defense is without merit.

(2) The affidavit of defense further averred that "immediately after delivery of said refrigerator which is now in the home of the defendant, and after a fair trial, said refrigerator was found to be defective in the following respects. After same had been defrosted, and after the motor was in operation, the entire front or face of said refrigerator became encrusted with an accumulation of considerable ice, thereby making it absolutely impossible to pull out any of the receptacles containing the ice cubes...... As soon as the defendant or any member of the family would open the refrigerator to take out an article of food the motor would immediately start with a loud noise and would continue to operate that way for a period of time and then stop. When it was opened again, the motor would immediately go on again and continue that way for fifteen or twenty minutes and at times, for almost half an hour before stopping." It was further alleged that complaints were made to the manager of the plaintiff corporation and that the defects were not remedied.

In an action of replevin the issue between the parties involves a question of title and right of possession. It is, in form, an action ex delicto and the defendant may not avail himself of the defense which is in the nature of a set-off: C. I. T. Corp. v. Grosick, 110 Pa. Superior Ct. 165, 167 A. 440; General Motors Truck Co. v. Phila. Paving Co., 248 Pa. 499, 94 A. 235; Lee-Strauss Co. v. Kelly, 292 Pa. 403, 141 A. 236; Goss Printing Press Co. v. Redmond, 305 Pa. 518, 158 A. 264. In Hall's Safe Co. v. Walenk, 42 Pa. Superior Ct. 576, the defense was similar to the one raised in this case and this court, speaking through the late Judge HENDERSON, said (p. 580): "If the safe received by the defendant did not correspond with the description as to size and quality given by the plaintiff or its representative the defendant was not bound to receive it or to retain it. But conceding the fact to be as alleged by the defendant

that did not change the title and as he has confessedly failed to make payments in accordance with the terms of the contract he cannot be allowed to keep the property because it is not just what the plaintiff agreed to lease to him." The parties placed their agreement in writing and it does not contain any representations as to quality or performance, and even though there may be an implied warranty that it was fit for the purpose for which it was leased, such fact would not now affect the right of possession. This action in replevin was not begun until after the entire term of twenty-five months had expired. If the defendant has any remedy it is by another action and not by way of defense to this action.

(3) The defendant further averred: "A considerable amount of correspondence took place pertaining to the refrigerator, during which time it was orally agreed that no payments be made until some adjustment was made either with the refrigerator or by a new one in its place." The correspondence between the parties is attached to the affidavit of defense and amounts to nothing more than complaints upon the part of the defendant and shows an effort upon the part of the plaintiff to placate the defendant. The averment is vague and indefinite and, when read with the correspondence, at best is but an allegation that the plaintiff agreed to postpone payments until an effort would be made to affect an adjustment which would be satisfactory to both parties. An adjustment satisfactory to both parties could not be accomplished. Demand was made for possession of the refrigerator after the end of the term, and defendant refused to deliver it to the plaintiff. This action is not to recover instalments of rental but for possession of the refrigerator after the full term of the lease had expired. As we have heretofore indicated, the agreement constituted a contract of bailment for a definite term which had ended, and the issue is title and right to possession of the chattel.

The plaintiff is entitled to a judgment determining title and right of possession. See Westinghouse Co. v. Harris, 237 Pa. 203, 210, 85 A. 78, and Lee-Strauss Co. v. Kelly, supra.

The order of the court below is reversed, and it is directed that judgment be entered for plaintiff.